(Decided July 15th, 1859.)

</div>

<div align="center">

## EDWARD REYNOLDS *vs.* NEGROES LEWIS and DAVID.

</div>

Where, on a petition for freedom, the record does not set out any bill of exceptions, there is nothing upon which the appellate court can revise the judgment of the court below, and the appeal must be dismissed.

A testatrix directed that her servants, Lewis and David, should be hired out to her brother, "until they arrive at the age of twenty-seven years, *then to be free to go to Africa;*" and if they refuse to go to Africa at that time, they were to serve her niece "*until they do go,* but, whenever they, or either of them, desire or consent to go, after their term of servitude, they shall be at liberty to do so." HELD:

That, under this will, these negroes became free absolutely, when they respectively attained the age of twenty-seven.

APPEAL from the Circuit Court for Calvert County.

*Petition for freedom,* filed on the 7th of May 1857, by the appellees, against the appellant. The petitioners claim their freedom under the same will as in the preceding case,

The following agreement appears in the record, signed by the counsel for the parties:

"In this case, it is agreed that judgment shall be entered for the petitioners, and the record shall be made up as if the jury was sworn, as in No. 26 trials this term, (which said No. 26 trials, is the case of negroes Lucinda, William, George, Juliet, John, Charles, Robert and Jane, against Edward Reynolds,) the same evidence offered as to the will of Betty Reynolds, the ages of the petitioners, as established by competent testimony, as required by the terms of the will, and the first prayer offered by the defendant, in No. 26, had been offered in this case, and refused by the court; and the first prayer offered by the petitioners in No. 26, had been offered in this case, and granted by the court. The names of the negroes, in said prayers, to be changed to suit the names in this case."

Judgment was entered for the petitioners, in accordance with this agreement, but no bill of exceptions appears in the record. The defendant appealed from the judgment.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*A. R. Sollers* for the appellant.

The argument in the preceding case is applicable to this, as by the agreement between the counsel for the parties, filed in the cause, the same proof and prayers presented in that case, are to be considered as embraced in this.

*A. B. Hagner* for the appellees.

We submit, that the judgment in this case must be affirmed. The agreement was intended merely to save the trouble of re-examining the witnesses who had just been examined in the previous case, and the bill of exceptions to be signed in this was to embody the evidence recited in the exceptions in that, with a change of the names and ages of the negroes to suit this, and an offer only of the first prayer of the appellant and the first prayer of the appellees. But it was never designed to dispense with a bill of exceptions, which, of course, should

have been prepared by the counsel of the party wishing to appeal. The appellees were satisfied with the judgment, and it was not incumbent on them to prepare the exception. They, therefore, are not responsible for the imperfect form of the record. It is of course, impossible for this court to reverse this judgment. It is *prima facie* correct, and this court will not set it aside, unless they see evidence, in the form of an exception, bringing the points properly before them. In this case there is no exception at all. If, however, the court should think themselves justified, under the agreement, in giving a construction to the particular clause of the will, we refer to the case of *Vansant vs. Roberts*, 3 *Md. Rep.*, 119, in support of our view of the absolute character of the manumission.

Tuck, J., delivered the opinion of this court.

The record in this case is defective in not setting out a bill of exceptions, according to the agreement of the parties. There is, consequently, nothing before us on which the court can revise the judgment below. The appeal must be dismissed.

We may observe, however, that the right of the appellees to their freedom, as appears by the agreements, depends on the construction of the will of Betty Reynolds, to be found in the case of *Negroes William & Others vs. Reynolds*, (*ante*, 109,) according to which the judgment was properly entered in their favor. *Spencer vs. Dennis*, 8 *Gill*, 314. *Vansant vs. Roberts*, 3 *Md. Rep.*, 119.

*Appeal dismissed.*

(Decided July 15th, 1859.)