# THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* ANNA H. COATES AND CHARLES C. COATES.

*Highways and Streets— Opening and Grading — Compensation to Owner of Bed of Street—Injunction—Remanding Cause.*

The general rule is that questions relating to the right of a party to claim compensation for land which a municipal corporation condemns for use as a street, must be determined upon appeal from the action of the Commissioners for Opening Streets.

A bill asking for an injunction to restrain a sale of plaintiff's property, advertised to be made by a municipality to enforce an assessment for grading and paving a street, alleged that the plaintiff and those under whom she claimed had had possession of part of the street about to be graded for more than twenty years; that in the proceedings by which the bed of the street was condemned nothing was awarded as damages for the fee to the plaintiff or those under whom she claimed, and that the defendant was about to take possession of the plaintiff's property without making compensation. *Held*, that although the bill is defective in not alleging that the plaintiff had the fee-simple title to the bed of the street, or that the same had not been dedicated, and in not being accompanied by an exhibit of the condemnation proceedings referred to therein, as well as in other particulars, yet since it appears to be possible, under the circumstances of this particular case, that the bill may be amended so as to show that the plaintiff is entitled to some relief, the cause will be remanded, with leave to amend, without either affirming or reversing the order appealed from.

Appeal from an order of the Circuit Court of Baltimore City (DENNIS, J.), directing the issue of an *ex parte* injunction.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*Thomas G. Hayes, City Counsellor*, and *Thos. Ireland Elliott, City Solicitor*, for the appellant.

*Frank P. Clark*, for the appellees.

BOYD, J., delivered the opinion of the Court.

A bill was filed by the appellees to enjoin the appellant from interfering with the buildings on the property belonging to Anna H. Coates, one of the plaintiffs, and described in the bill, and from selling the property. It alleges that proceedings were instituted by the appellant to condemn and open Andre street, between Fort avenue and Marriott street, and Beason street, from Andre street to Stewart street, under two ordinances, which are referred to by their numbers and dates; that Andre street, between Beason and Cuba streets (except a strip thereof on the west side about ten feet wide), as laid out on Poppleton's plat, had for more than twenty years been used and occupied by the plaintiff, Anna H. Coates, and those under whom she claims, and derives title to said land and premises, as a rolling-mill and tin-plate mill, and that during that time they have had "the uninterrupted, exclusive and adverse use and enjoyment of the same." The third and fourth paragraphs of the bill, which are the important ones under the view we take of the case, are as follows:

" *Third.* That under the proceedings condemning the bed of Andre street, * * * nothing was awarded to your orator, or to her grantor or to any of those through whom she claims, for the fee of the said street, the award, as the same appears in the proceedings to open the said street, is of record in the office of the City Comptroller, and to which for greater particularity your orator refers, being two naughts (oo), and being as follows: ' To the public or to such person or persons as may be legally entitled thereto for damages for the fee-simple interest in all that lot of ground described as follows'—the said description embracing the land and premises of your orator hereinbefore described; and your orator prays that their said award and proceedings thereunder be regarded as a part of this bill.

" *Fourth.* That L. Roberts Coates, who owned the said

land and premises at the time aforementioned condemnation proceedings took place, and through whom your orator claims, appealed to the City Court of Baltimore City from the same, but no interest was considered by the Court except the easement for certain railway tracks then in use by your orator on Andre street, between Cuba and Marriott streets, the language of the inquisition (a copy of which is herewith filed, marked Complainant's Exhibit A), being as follows : Assessing 'damages to appellant's property as described on the condemnation plat by the letter ' B,' being his easement for railway tracks thereon.''

It is then alleged that the defendant was about to take possession of the said land and premises, '' the property of your orator,'' and has declared its purpose to grade and pave the same, and has advertised for sale the plaintiff's property for the purpose of enforcing an assessment made against her for such grading and paving, and for the grading and paving of Beason street, as appears by copy of advertisement filed, '' and that without any compensation being made or tendered to your orator.''   A preliminary injunction was issued by the order of the Court, and the appellant having filed a general demurrer to the whole bill, entered an appeal to this Court, and we are therefore called upon to determine whether the bill made out such a case as authorized the issuing of an injunction.   In order to justify the application of such a summary remedy, it is necessary that the bill and exhibits filed with it clearly present every material fact upon which the plaintiff relies for relief.   The Court should not be left in doubt or required to supply by inference what the plaintiff can either furnish or account for the absence of, if impossible to obtain.

In applying that rule to govern us, we find the bill defective in several respects.   It is nowhere directly alleged that the fee of the bed in Andre street is or ever was in the plaintiff, Mrs. Coates.   If that can be inferred, it is only by reason of the fact that she and those under whom she claims have used and occupied it for more than twenty years, and

have had during that time the uninterrupted, exclusive and adverse use and enjoyment of it. The bill is silent as to how she derived the title. In order to enable her to tack her possession on to that of those under whom she claims, there must be some privity between them ; (*Hanson* v. *Johnson*, 62 Md. 25 ; *Armstrong* v. *Risteau*, 5 Md. 256) ; and whether Mrs. Coates inherited this property from one previously in possession or whether her title papers, if she holds by deed or will, include this possession; we have no means of knowing by the bill and exhibits filed with it.

But if that defect did not exist, we are not informed whether this street was dedicated to the public use prior to the time that the plaintiff, or those under whom she claims, took possession. Although the authorities are not fully in accord on that question, it has been determined in this State that an individual cannot acquire title by adverse possession to a part of a highway. *Mayor, etc., of Baltimore* v. *Frick*, 82 Md. 77 ; *Ulman* v. *Charles Street Avenue Company*, 83 Md. 130. The bill speaks of Andre street as laid out on Poppleton's plat, and as the plaintiff relies on adverse possession for her right to a part of the street, she should have alleged in the bill such facts as would show the Court that she could properly make that claim and not require it to assume that the street referred to had not been dedicated or granted to the public. As the fact is shown in the bill that there was such a street as Andre street, laid out on Poppleton's plat, a part of which the plaintiff claims by adverse possession, and in no other way so far as alleged in the bill, in seeking to prevent the city authorities from taking possession of that which they would ordinarily have the right to do—one of the streets of the city—it was the duty of the plaintiff on applying for an injunction to make such allegations as would negative the right of the city to the use of the street.

But the bill is lacking in another important particular. It is alleged that proceedings were instituted under an ordinance approved April the 7th, 1887, to condemn and open

Andre street, and it is not intimated that the ordinance was invalid, but the cause of complaint is that under the proceedings nothing was awarded the plaintiff or to her grantor, or to any of those through whom she claims for the fee of the street. The paragraph of the bill making that allegation concludes with, "your orator prays that the said award and proceedings thereunder be regarded as part of this bill," but a copy is not filed or any explanation of its absence made. It is clear that neither the Court below nor this Court can go outside of the record to find the award and proceedings thereunder, and the importance of having them before the Court seems equally clear to us. They might inform the Court why nothing was awarded to L. Roberts Coates, who is alleged to have been the owner at that time. If it was determined that he did not have any interest in the fee of the bed of the street, by reason of the fact that the street had been dedicated to the city by a previous owner of the land, or for other cause, why should he have been awarded damages? The bill does not state when the proceedings were completed under the ordinance of 1887, but it may be that there was not then even a claim of adverse possession, as it is not alleged that at that time the parties under whom the plaintiff claims had been in possession for twenty years.

Then again the fourth paragraph alleges that L. Roberts Coates appealed to the City Court of Baltimore City from the award, "but no interest was considered by the Court except the easement for certain railway tracks then in use by your orator." Whether that means that the Court refused to allow Mr. Coates for anything but the easement, or whether nothing else was brought to its attention, or why any other interest was not considered is not stated, but the necessity for having the record of the proceedings before the Court so it can determine what was actually done is apparent. Mr. Coates had the right to have his appeal heard by the City Court on all questions connected with those proceedings which he was interested in. If he felt aggrieved

by the action of the Commissioners for Opening Streets he had the right to appeal, and having done so we do not understand upon what ground a Court of Equity can now give him relief, as his remedy was in the City Court or in this Court on appeal from its action, but it certainly cannot do so without being more fully informed as to what was done in that proceeding. The records of the City Court or of the city should, and we presume do, show what was done. If such record can be obtained it should be produced, and if for any reason it cannot be its absence should be accounted for by proper allegations in the bill.

We do not think the omission to file copies of the ordinances, referred to in the first paragraph, rendered the bill fatally defective. They are not attacked or relied on by the plaintiff, but they were merely cited to show under what the proceedings which are objected to were instituted.

Nor is the point made by the learned solicitor for the appellees that there is a material error in the advertisement, which entitles them to an injunction, tenable. There is no allegation in the bill that the ordinance improperly recited the portion of Beason street to be graded, etc., and we cannot see how the error in the first part of the advertisement could prejudice the plaintiff. If it was misleading the objection could have been made, in the event of a sale, in the Court to which the sale was reported.

The description of the property in the copy of the advertisement filed seems to indicate that the city authorities considered the title of a part of Andre street to be in L. R. Coates and Company, as it includes in the property to be sold a strip of that street four feet wide and one hundred and seven and a-half feet long. It may be possible, therefore, that the bill can be so amended as to entitle the plaintiffs to some relief, and we will therefore neither reverse nor affirm the order of the Court granting the preliminary injunction, but will remand the cause with leave to the plaintiffs to amend the bill, if they see proper to do so, within thirty days from the time the record is received in the Court be-

low, the costs in this Court to be paid by the appellees and those below to abide the final result of the cause.

> *Cause remanded without affirming or reversing the order granting the injunction, costs in this Court to be paid by the appellees and those below to abide the final result of the cause.*