# THE MAYOR AND CITY COUNCIL OF BALTIMORE
## ET AL.

*vs.*

## ROBERT GARRETT.

*Streets: change of grade; usually no damages recoverable; otherwise when part of land is taken under the power of eminent domain. Damages: regrading balance of lot. What benefits are excluded; project for which condemnation is undertaken.*

The principle, that damages are not ordinarily recoverable for an injury to adjacent land caused by a lawful change in the grade of a public highway, is confined to cases in which no part of abutting property is taken for that purpose.    p. 610

Where any of the land is taken for such a purpose in the exercise of eminent domain, the "just compensation" required by the Constitution to be paid where private property is taken for public use, must be paid, and must include not only the value of the land condemned, but also a due allowance of damages for injury to the remainder.      p. 611

The measure of compensation for the injury done the residue of the land taken in the exercise of eminent domain is the difference produced in its value, by the appropriation and use of the separated portion for the purposes contemplated by the condemnation.      p. 611

Or it may be considered by the impairment of its availability for convenient and beneficial use with respect to the pre-existing street, (where any of the land is taken in connection with the ordering of change of grade of a street.    p. 613

In allowing compensation for land so taken, the appreciation of values produced by the project to which the condemnation is incident must be disregarded. p. 613

The most rational and reasonable measure of the effect of taking a portion of land, in the exercise of the power of eminent domain, on the value of remaining land, is the cost of the regrading that would be reasonably necessary to restore it to its relative position for advantageous use which it occupied before the appropriation of a part of the property for the particular object contemplated. p. 614

Where, in order to widen and regrade a public highway, a portion of the abutting property is taken under the power of eminent domain, the owner is entitled, in his compensation for damages, to have included the cost of repaving the portion of the land so taken for the sidewalk, and the cost of regrading the portion so taken and the regrading reasonably necessary for the land not condemned. p. 615

*Decided April 25th, 1913.*

Appeal from the Baltimore City Court (DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Benjamin H. McKindless* and *S. S. Field,* for the appellant.

*D. G. McIntosh, Jr.,* and *D. G. McIntosh,* for the appellees.

URNER, J., delivered the opinion of the Court.

The appellee is the owner of a lot of ground fronting about two hundred and eleven feet on the northwest side of the Harford road, a public highway of Baltimore City. In the execution of a general plan for the widening and improvement of

this thoroughfare the Commissioners for Opening Streets condemned a strip of ground having an average width of about seven feet along the front of the appellee's lot. The lines of the condemnation included about two feet of the front of a brick dwelling which occupied a portion of the lot and stood on a terrace at an elevation of several feet above the original level of the sidewalk. The improvement also involved the lowering of the grade of the highway to the average extent of about four and a half feet in front of the appellee's premises. This had already been done when the Commissioners filed their report of the condemnation. The curb had then been set at the new level and the appellee had been notified to grade and pave the footway in front of his property. By the return of the Commissioners the appellee was allowed $1,424.00 as damages and was assessed $625.00 as benefits. The damages were separated into two items, one of $824.00 for the value of the land taken and another of $600 for repairs to the building. A petition for the review of the award and assessment thus reported was filed by the appellee in the Baltimore City Court where a trial of the issue subsequently occurred with the result that the damages were substantially increased while the assessment of benefits was confirmed. In the course of the trial evidence was admitted as to the cost of regarding the ground condemned and the lot from which it was taken so as to place the property in the same position in relation to the street that it occupied before the grade was lowered, and the jury were instructed in effect that the appellee was entitled to be allowed for the expense of this work. These rulings indicate the principal questions to be decided on the present appeal.

The argument on behalf of the City is founded in part upon the proposition that damages are not ordinarily recoverable for an injury to adjacent land caused by a lawful change in the grade of a public highway. But the decisions of this Court which apply the rule thus stated confine it to cases in which no part of the abutting property is taken for the purpose. *Green* v. *City and Suburban Ry. Co.,* 78 Md.

294; *Offutt* v. *Montgomery Co.,* 94 Md. 115; *Cumberland* v. *Willison,* 50 Md. 138.   In the case now before us the power of eminent domain is being exercised, and the rights of the appellee must be ascertained by reference to the principles which are appropriate to such a proceeding.   The "just compensation" required by the Constitution to be paid where private property is taken for public use includes not only the value of the part condemned, but also a due allowance of damages for injury to the remainder.   *Ridgely* v. *Baltimore,* 119 Md. 567; *McCormick* v. *Baltimore,* 45 Md. 512; *Norris* v. *Baltimore,* 44 Md. 598; *Moale* v. *Baltimore,* 5 Md. 314; *Tidewater Canal Co.* v. *Archer,* 9 G. & J. 479.   It is a well settled rule that the measure of the consequential injury to the residue of the land is the difference produced in its value by the appropriation and use of the separated portion for the purposes contemplated by the condemnation.   *Shipley* v. *Western Maryland R. R. Co.,* 99 Md. 135; *Baltimore* v. *Rice,* 73 Md. 311.

The City contends that the assessment of benefits in this proceeding amounts to a conclusive finding that the remaining land of the appellee is not impaired, but actually enhanced, in value by the improvement of the street.   It appears from the record that while the cost of grading was not considered by the Commissioners either in awarding damages or in assessing benefits, a part of this expense was included in the allowance of damages by the jury on the trial of the appeal in the Baltimore City Court.   The question first to be determined, therefore, is whether the cost of adapting the property to the new conditions can be allowed consistently with a finding that its value will advance in consequence of the improvement for which the condemned portion is appropriated.

In *Baltimore* v. *Smith,* 80 Md. 458, an appeal was taken from an assessment of benefits alone, and the award of damages was not under review.   The grade established for the street in which the land taken in that case was to be used was above the level of the abutting lots, and evidence was

admitted to prove the cost of filling up the adjacent ground to the level of the proposed street. This was held to reflect upon the issue of benefits to which the appeal was directed. The relevency of the proof was thus illustrated by JUDGE BOYD, who delivered the opinion in that case: "If a lot was worth one thousand dollars before the opening of the street and would be worth two thousand dollars after it was opened, without any work being done on it, the benefit to it would manifestly be one thousand dollars; but if it would cost five hundred dollars to bring it to the grade of the street, so as to give it the value of two thousand dollars, it is equally clear it would really only be benefited five hundred dollars." This decision proceeded upon the just principle that an evident necessity for changing the condition of the land so as to make it capable of receiving the advantage anticipated from the improvement ought not to be disregarded in the assessment of the benefits to be charged against the property. As the appeal was confined to the question as to the proper amount to be assessed for benefits, it was held that the award of damages by the Commissioners could not be considered. The statute has since been amended so as to provide that upon every appeal from any action of the Commissioners for Opening Streets both the damages and benefits shall be open for review and correction (Acts of 1898, Chapter 123; section 179 of Baltimore City Charter). In this case both issues were before the jury, and while they allowed for part of the estimated cost of the regrading, they included the amount in the award of damages instead of charging it against the benefits. This method was not prescribed by any instruction to that effect, but it was probably adopted for the reason that the allowance made for the regrading was beyond the amount of the benefits assessed. The only alternative means of expressing the jury's conclusion was to set off the sum allowed for regrading against the assessment of benefits, and then to include the excess in the award of damages. If this had been done, there would have been no benefit assessment returned by the jury, but the practical results to the parties would

have been the same as those produced by the verdict as rendered. If the cost of regrading was properly allowable, no prejudice has resulted to any interest concerned from the mere fact that the disputed elements of injury were estimated as additions to the damages rather than as deductions from the benefits; and as the jury has found the consequential injury to have been actually sustained, there is no room for the theory, suggested by the City, that the contrary conclusion must be assumed to have been reached because the verdict included an assessment indicating that the effect of the street improvement would be to enhance the value of the property.

Upon the principle announced in *Baltimore* v. *Smith, supra,* the necessary cost of placing the abutting property in a condition to receive the advantage of the street as reconstructed should undoubtedly be taken into consideration at least as reflecting upon the question of benefits. But upon the theory that the remaining land is in fact *primarily injured* by the change of street grade accomplished through the condemnation, we see no reason to restrict the land owner's recovery to less than the amount of the damages actually sustained. The injury in such case to the land not taken consists in the impairment of its availability for convenient and beneficial use with respect to a pre-existing street, and for a loss thus occasioned as the result of such a proceeding as the present the owner is entitled to adequate compensation.

It is contended, however, that even if the reduction of the street level be regarded as a cause of injury to the residue of the appellee's land, the proper measure of this damage is not the cost of regrading but the difference in value occasioned by the lowering of the street. In applying the rule of compensation thus invoked to the special conditions with which we are concerned in this case it must be borne in mind that the appreciation of values produced by the project to which the condemnation is incident must be disregarded. *Moale* v. *Baltimore; Norris* v. *Baltimore, McCormick* v. *Baltimore, and Baltimore* v. *Smith, supra.* This principle is of special importance in a case like the present where the land owner

is being separately assessed, as against his damages, for an amount intended to represent the increased value which will accrue to his property from the improvement. In such a situation the most rational and reliable measure of the effect of the change of grade on the value of the remaining land is the cost of restoring it to the relative position for advantageous use which it occupied before the appropriation of a part of the property for the particular object contemplated. This, of course, could properly include only such regrading as might be reasonably necessary to accomplish the result thus defined.

The point is made that the reduction of a street grade does not necessarily work an impairment of the value of abutting land and that it may in some instances be as desirable for residential purposes above grade as on a level with the street. A sufficient answer to this suggestion is that it is not appropriate to the actual conditions disclosed by the record. The question as to whether a change in the grade of the lot is reasonably required would, of course, be a legitimate and material inquiry in a proceeding of this character. But in the present case such a necessity appears to exist.

The City has raised an objection to the award of damages for the regrading of the strip of ground condemned which does not apply to such an allowance for the land not actually appropriated. It is urged that the duty of reconstructing the sidewalk to conform to the new grade is imposed by law and ordinance upon the owners of the abutting lots, and that the appellee is not entitled to be reimbursed by way of damages for the expense of discharging this ordinary legal obligation. The authority for such a requirement is conferred upon the City by its charter (Acts of 1898, Chapter 123, section 6), and it has been exercised in connection with this improvement by notice duly given the appellee directing him to grade and pave with cement the footway in front of his premises. The right to charge this duty and expense upon the owner of abutting land is supported upon the theory that his property will be correspondingly benefited. *Hyattsville* v. *Smith,*

105 Md. 318; *Bassett* v. *Ocean City*, 118 Md. 114.  But where the ground to be graded and used for a sidewalk is being taken from the adjacent land, and the question arises as to what is to be properly included in the just compensation to which the owner is entitled, it does not seem reasonable to refuse him damages for a substantial burden to which he is subjected in direct consequence of the condemnation. In taking his land the City deprives him of the right to determine for himself whether it shall be leveled or kept at its original grade, and subjects the remainder of his premises to an increased charge for the construction of a wider sidewalk. The additional exaction for that purpose to which the property and its owner are thus exposed is not merely possible or prospective.  This is not a case in which land is being acquired for a street under circumstances which show no present or apparent occasion for regrading.  The conditions which necessitate the charge are now in existence and its imposition is certain and immediate.  In our judgment the Court below ruled correctly in admitting evidence and instructing the jury upon the theory that the cost of regrading the land taken, as well as that not condemned, was a proper element of compensation to be included in the award.

The instruction, however, is said to be objectionable because it authorized the jury to allow the land owner "for any other damage that they may find he may suffer with reference to the usefulness and convenience of his property by reason of said condemnation."  The criticism of this clause is that it is too vague and general and does not direct the jury as to the specific items of damage for which the appellee was entitled to compensation.  *Western Maryland Ry. Co.* v. *Martin,* 110 Md. 564; *Belt. R. R. Co.* v. *Sattler,* 102 Md. 605.  There was an explicit statement in the instruction as to the damages we have mentioned as proper to be considered. No evidence was offered to show that the usefulness and convenience of the property was affected in any other respects than those to which the attention of the jury was particularly directed, and as the amount of damages awarded by the ver-

dict is considerably less than the estimate made by the appellee's witnesses as to the specified elements of compensation, it is evident that no prejudice resulted to the City from the general language to which it objects.

The jury were instructed that if they should find that the Commissioners for Opening Streets did not make any allowance for grading the appellee's lot, or the strip condemned for a sidewalk, between the original grade of the street and the new grade as established by the condemnation, then the appellee was entitled to be allowed the cost of grading to which we have already referred. It is objected that the measure of damages was a question of law and could not depend upon the conclusion of the Commissioners, and that the allusion to their action had a tendency to mislead the jury by suggesting that the cost of grading should be added to the amount which the Commissioners had awarded. The statute authorizing appeals from the return of the Commissioners provides that their assessments of damages and benefits shall be increased or reduced on appeal as the Court may deem just and proper. In view of this provision we see no impropriety in the reference made by the instruction to the action of the Commissioners, and it could have involved no injury to the appellant as their report admittedly made no allowance for the cost of regrading.

In defining the basis of recovery the instruction referred to the regrading of the lot generally between the old and new levels it mentioned, and did not confine the award for such work to the amount required to restore the property to the relative position for beneficial use which it occupied before the condemnation. The measure of compensation in this respect, therefore, was not correctly stated, but no apparent injury has resulted to the City from this error, for the reason that the regrading to which the proof in the record is directed, and for which a partial allowance was made by the jury, includes only a portion of the surface of the lot, and there is no suggestion in the evidence that the work thus estimated is more extensive than is reasonably necessary.

The City excepted to the admission in evidence of the notices requiring the grading and paving of the sidewalk in front of the appellee's premises. The ground of the objection was that this direction could relate only to the portion of the sidewalk area already owned by the City and could not affect the land of the appellee then in process of condemnation, but which the City had not actualy acquired. It is argued that the establishment of a new grade for the strip condemned is not to be conclusively presumed from the fact that the space originally available for the footway is to be regraded. In support of this theory the brief filed on behalf of the City refers to decisions of this Court holding that in the condemnation of land for street purposes the rule in assessing damages for the ground taken is to estimate its value as if no street was to be opened. *Baltimore* v. *Smith; Moale* v. *Baltimore; Norris* v. *Baltimore; McCormick* v. *Baltimore, supra.* These cases were concerned simply with the question of compensation for the land condemned, and the principle applied was that the enhancement of value resulting from the improvements to which such proceedings are directed must be disregarded for the reason that it would not be fair to the agency exercising the right of eminent domain to charge it with the payment of an increment of value which its own enterprise was producing. The question we are now considering does not refer to the value of the land taken, but to the measure of the compensation to be awarded for injury to the remainder of the property, and the conclusion we have already announced on that subject is entirely consistent with the principle just stated. In order to sustain the theory that the grade actually fixed for the footway does not reflect upon the use to be made of the land in course of acquisition from the appellee, we should have to take a very unpractical view of his rights and obligations and of the undisputed conditions upon which they depend. It may be assumed with certainty that the plans of the City for the reconstruction of the widened sidewalk will be so executed as to secure a uniform grade for the whole area,

and the additional and inevitable burden thus to be imposed upon the appellee as the owner of abutting property must accordingly be considered in ascertaining the just compensation to which he is entitled.

There was an objection to certain testimony as to the cost of regrading upon the hypothesis that it included an estimate for the portion of the sidewalk already owned by the City. But as the Court's instruction excluded such an allowance by distinctly specifying in that connection the strip of ground condemned, the objection becomes unimportant.

A question was raised as to the qualification of one of the witnesses to testify as to the composition of the soil to be graded. The testimony to which the objection refers was based upon an examination of the exposed surface of the bank left along the front of the appellee's lot after the street had been cut down to the new level. The description given as the result of this observation was confirmed by the results of excavations made in the soil by other witnesses to ascertain its contents as a basis for the estimates of the cost of regrading, and there was no contradiction in the evidence as to this feature of the case. There was clearly no reversible error in the ruling on this objection.

There are twenty-five bills of exception in the record, but it is not necessary to discuss them in further detail, as the views we have expressed dispose of all the questions submitted for our decision.

*Rulings affirmed, with costs.*