MAYOR AND CITY COUNCIL OF BALTIMORE ʌ
CORPORATION.

vs.

JESSIE C. JOHNSON.

*Streets: condemnation; assessments for benefits; grade to be
first determined. Condemnation proceedings: Baltimore
City; appeals; Baltimore City Court; jurisdic-
tion; Equity.*

The rule that damages are not ordinarily recoverable for injury
to adjacent lands caused by a lawful change in the grade of a
public highway, is confined to cases in which no part of the
abutting property is taken for that purpose.    p. 324

Where the grade is established for the first time on opening
a street, the cost and expenses of making abutting land conform
to the use of the street should be considered in determining the
extent that such abutting lands are benefited by the opening.
p. 324

When land is to be condemned for the bed of a public street
or highway, the grade should first be established so that in
estimating benefits to be assessed against the abutting lands,
account may be taken of the cost of placing such land in con-
dition to receive the advantage of the construction of the street.
p. 325

In opening a public street or highway, and establishing a
grade, the grade should be one that, so far as it can then be
determined, after a proper consideration of the rights and
interests of the adjacent land owners, will for all time best
subserve the public interest and convenience.    p. 325

Sec. 179 of the local laws of Baltimore City (Sec. 10 of Art. 48 of the Baltimore City Code of 1893) provides an appeal in condemnation proceedings "by any person," etc., "who may be dissatisfied with the assessment of damages or benefits," etc., by petition to the Baltimore City Court, which Court is given full power to hear and fully examine the subject and decide on such appeal.                                                          p. 326

In condemnation proceedings to open a public street or highway in Baltimore City the question of whether the permanent grade should not be established, before the assessment of benefits, is one within the jurisdiction of the Baltimore City Court, with the right of an appeal from its decision to the Court of Appeals.                                                           p. 326

A Court of Equity in such a case has no jurisdiction to enjoin the condemnation proceedings in the Baltimore City Court on the ground that the condemnation is undertaken before the establishment of the grade of the street.                    p. 326

*Decided May 12th, 1914.*

Appeal from Circuit Court No. 2 of Baltimore City. (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Robert F. Leach, Jr.,* Assistant City Solicitor (with a brief by *S. S. Field,* City Solicitor), for the appellant.

*Ward B. Coe,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellee in this case filed her bill in Circuit Court No. 2 of Baltimore City against the appellant, alleging therein that she is the owner of a lot of land on the southwest side of Green Spring avenue, in the City of Baltimore, and that the city, in extending Park Hill avenue from Park Heights avenue to Green Spring avenue, has condemned a strip of said land one thousand feet in length and fifty feet in width, for which the appellee has been awarded by the Commissioners for Opening Streets the sum of four thousand nine hundred and thirty-five dollars, and has been assessed with benefits to her abutting land a like sum of four thousand nine hundred and thirty-five dollars; from which action of the Commissioners an appeal has been taken by her to the Baltimore City Court, where the case is now pending.

The bill further alleges that in condemning said lands for the purposes aforesaid, the grade of the street has not been established, and the City Engineer has refused to establish such grade, although the appellee has requested him to do so and has tendered him the costs thereof. The reason assigned by the engineer for his refusal to establish the grade being, "that the proceedings of the Commissioners for the opening of the Green Spring parkway have not advanced to the point where we can request the City Surveyor to officially establish this grade," but suggested that the tentative street grade made by Joseph W. Shirley, chief engineer of the Topographical Survey, in compiling his preliminary plans for the parkway would, no doubt, be finally adopted without any material change as grade establishments, and that such grade would answer the purpose in ascertaining the quantity of excavation or fill to be made.

The bill also alleges that "until the grade is established it is impossible that said appeal can be tried fairly and with justice either to your oratrix or the defendant, because one of the factors or elements in determining either benefits or damages will be the necessary cost of cutting or filling her

adjacent property abutting on said avenue so to be opened, and this cost cannot be estimated until said grade is established."

The bill further alleges that the plaintiff has asked that the trial of the case on appeal be postponed until the grade of the street be established, but the defendant has refused to consent to such postponement, and the case has been set for trial and will soon be reached in regular course upon the docket.

The prayer of the bill asks that the defendant be "enjoined from proceeding with the trial and hearing of the appeal in Baltimore City Court until the establishment of the grade of Park Hill avenue so condemned and to be opened."

The defendant demurred to the bill and its demurrer being overruled, the appeal is taken from the order overruling such demurrer.

The main question presented by this appeal is, whether the grade of the street opened through the lands of the appellee should be first established by the city before it be permitted to assess the appellee with benefits to her adjacent lands, caused by the opening of said street.

It was said by JUDGE BOYD in the case of *Mayor and City Council of Baltimore* v. *Smith,* 80 Md. 470: "The evidence shows that a number of the lots of the company which will front on the proposed street, and have been assessed for benefits, were below the established grade of the street. The company offered to prove the amount of filling necessary to bring them to that grade, to fit them for use for building purposes. The city objected, but the Court overruled the objection and permitted the company to prove the estimated amount of filling necessary in each of the lots. In such cases jurors are entitled to have before them any facts that will aid them in reaching proper conculsions. The opening of the street having been determined to be a direct benefit to these lots, the next inquiry was how much will they be benefted. Different modes may be adopted for determining that

324    M. & C. C. OF BALTO. vs. JOHNSON.

Opinion of the Court.                    [123

question. A lot which would be left eight feet below the grade of the street after it is opened, would not be benefited as much as it would be if on the level of the proposed street."

"Hence, in ascertaining the amount of benefits, testimony tending to show the cost of filling the lots to the level of the established grade will be relevant. The jury was authorized by the ordinance to view the premises, and did so in this case. When they went upon the property the ground to be included upon the bed of the street might appear to be level, or nearly so, with that adjoining it on either side, and hence, in assessing benefits, they might have been misled, unless they were informed how much filling would be required to bring the adjoining property to the level of the established grade and what the cost would be. If a lot was worth one thousand dollars before the opening of the street and would be worth two thousand dollars after it was opened, without any work being done on it, the benefit to it would manifestly be one thousand dollars; but if it would cost five hundred dollars to bring it to the grade of the street, so as to give it the value of two thousand dollars, it is equally clear it would really only be benefited five hundred dollars." And the Court there held that the evidence objected to by the city was properly admitted by the Court below.

The rule established by the decisions of this Court, that damages are not ordinarily recoverable for an injury to adjacent land, caused by a lawful change in the grade of a public highway (*Green* v. *City and Suburban Ry. Co.,* 78 Md. 294; *Offutt* v. *Montgomery County,* 94 Md. 115; *Cumberland* v. *Willison,* 50 Md. 138), is confined to cases in which no part of the abutting property is taken for the purpose (*Baltimore* v. *Garrett,* 120 Md. 608), and in cases like the one before us where the grade of the street is established for the first time when the street is opened, the cost and expense of making the abutting land conform to the use of the street should be considered in determining the extent that such abutting lands are benefited by the opening of the street.

In this case the benefits to the appellee's abutting land were assessed at four thousand, nine hundred and thirty-five dollars. The grade of the street not being established at the time the estimate of benefits was made by the Commissioners for Opening Streets, the amount of cost or expense of cutting or filling necessary to make the abutting land conform to an *established* grade of the street was not considered by them, and their estimate was made without regard to such cost and expense.

When a public street or highway is to be opened and land is to be condemned for the bed of the street or highway, it is but fair and equitable that the grade of such street or highway should first be established, in order that those who are to determine the benefits, if any, that the opening of such street or highway will be to the abutting lands may estimate the necessary cost of placing such abutting lands in a condition to receive the advantages of the street or highway as opened and graded; and the grade so established should be the one, so far as it can then be determined after a proper consideration of the rights and interests of the adjacent land-owners, that for all times will best subserve the public interest and convenience. Not to establish a grade at the time when the street is opened, but at such time to assess the benefits without regard to the costs and expenses to which the adjacent land-owners may be subjected in cutting or filling their lands so as to enable them to receive the advantages of the road so opened, would, we think, be unfair and inequitable to them. The grade of a street is so materially involved in ascertaining the amount of benefits to be assessed against the abutting lands, that it is right and proper, in our opinion, that a permanent grade, and not a tentative one, such as is here referred to by the City Engineer, should be established before the city should be permitted to assess benefits to abutting lands, caused by the opening of such street or highway.

But this appeal presents the further question, whether the Court of Equity had jurisdiction to grant the relief sought in this case.

In cases like the one before us, section 179 of the Local Laws of Baltimore City (sec. 10, Art. 48, of the Baltimore City Code of 1893) provides for an appeal by "any person or persons or corporation who may be dissatisfied with the assessment of damages or benefits, etc." by petition in writing to the Baltimore City Court, and that Court is given "full power to hear and fully examine the subject and decide upon said appeal."

The appellee had the right to have her appeal heard by the Baltimore City Court, to which she appealed, and it was within the jurisdiction of that Court to hear and determine all questions connected with those proceedings in which she was interested (*Baltimore* v. *Coates,* 85 Md. 535), including the question here presented, that is, whether or not the grade of the street opened through the lands of the appellee should be first established by the city before it be permitted to assess the appellee with benefits to her adjacent lands, caused by the opening of said street; and from the action of that Court in ruling upon this question a further appeal will lie to this Court. The appellee had her adequate remedy in the Baltimore City Court, or in this Court on appeal from its action, and thus the Equity Court was without jurisdiction to grant the relief sought. We must therefore reverse the order of the Court below.

> *Order reversed and bill dismissed, with costs to the appellant.*