The Mayor and City Council of Baltimore, on the 9th of June, 1913, passed Ordinance No. 284 for the opening of Linwood Ave. from Boston St. to the waters of the Patapsco River. Linwood avenue was formerly called Patuxent street, and the Commissioners for Opening Streets in discharge of their duties under said ordinance allowed the Canton Company of Baltimore nominal damages for the bed of the street upon the theory that the Canton Company had dedicated the street, and assessed nominal benefits against the lot on the southeast corner of Linwood avenue and Boston street now owned by the Philadelphia, Baltimore and Washington Railroad Company. The Canton Company appealed to the Baltimore City Court, and that Court allowed the Canton Company damages to the amount of $15,000.00. The appeal of the Mayor and City Council of Baltimore is number 21 of the October Term of this Court. The City appealed from the assessment of nominal benefits against the lot of the Railroad Company to the Baltimore City Court, and this appeal is from the judgment of that Court fixing the benefits at $2,000.
Fourteen exceptions were reserved by the defendant during the trial, but those relied upon and pressed in this Court are the tenth, eleventh, twelfth and thirteenth. *Page 637 
Robert Bruce Ramsey, an engineer employed by the Railroad Company, testified that in order to bring the lot of the Railroad Company to the level of Linwood avenue as established, so as to admit ingress to and egress from that street, a fill of 1171 cubic yards would be required, which would cost $702.60, and the tenth exception is to the action of the Court below in striking out that evidence. It is contended on the part of the appellee that evidence of the kind mentioned is only admissible where some part of the land of the abutting owner is taken for the proposed improvement, but that view is not in accord with equity or the decisions in this State. In determining whether property adjoining a street to be opened will be benefited, or the amount of the benefits, it would be impossible to arrive at a proper conclusion without taking into consideration the cost, if any, of putting the property in such shape as to render it useful after the street is actually opened. Baltimore v. Smith, etc.,Company, 80 Md. 458; Baltimore v. Garrett, 120 Md. 608;Baltimore v. Johnson, 123 Md. 320. The weight of this evidence was, of course, for the Court below, sitting as a jury, but we think it was admissible as tending to show that some costs would be incurred in "adapting the property to the new conditions," and, therefore, as reflecting upon the question whether the property would, in fact, be benefited by the opening of the street, and the amount, if any, of the benefits.
The defendant, the Railroad Company, offered in evidence the deed from Peter Cooper to the Canton Company of Baltimore, dated April 18th, 1831, and the deeds, etc., of the successive owners of the lot in question down to and including the deed from Edward Brooke to the Philadelphia, Wilmington and Baltimore Railroad Company, dated February 28th, 1877, and the Act of 1902, authorizing a consolidation of the Baltimore and Potomac Railroad Company and the Philadelphia, Wilmington and Baltimore Railroad Company, to whose rights in the lot in question the appellant succeeded. The refusal of the Court below to admit these deeds in evidence *Page 638 
is the ground of the eleventh exception. The defendant then offered, in connection with the deeds referred to, to show that the Railroad Company leased a part of its lot on Patuxent street (Linwood avenue) to Charles L. Rhode and Sons Company in 1902, and that said lessee and others in connection with the lot so leased, used continuously the bed of Linwood avenue from Boston street to the Patapsco River, and to produce Ordinance No. 2 of the Mayor and City Council of Baltimore, approved June 14th, 1905, for the purpose of showing an acceptance by the City of Patuxent street, and the twelfth exception is to the refusal of the Court to admit the evidence.
There is an agreement in the record that the Court in considering this case may refer to the deeds offered in evidence as set out in the record of the case of Baltimore City v. TheCanton Company of Baltimore, ante, page 620, and in the lease from the Canton Company of Baltimore to Alfred Munson, dated March 22d 1843, and the deed from the Canton Company of Baltimore to Alfred Munson, dated May 1st, 1846, the property leased and conveyed is described as follows:
 "Beginning for the same at the point formed by the intersection of the east side of Patuxent Street with the south side of Elliott Street, and running thence eastwardly, bounding on Elliott Street, 45 perches and fifteen hundredths of a perch to Canton Street, as laid out upon the Canton Company's plat; thence bounding on Canton Street, southwardly 35 perches and 8 tenths of a perch to a point on Boston Street, so as to intersect a line drawn north northeastwardly up the west side of that part of Canton Street laid out upon the Canton Company's plat at right angles with Boston Street; then reversing the line so drawn and bounding thereon, south southwestwardly 32 perches and 3 tenths of a perch to the Port Warden's line; thence bounding on that line and parallel to Boston Street, north 73 degrees west 48 perches and 3 tenths of a perch to intersect a line drawn south southwestwardly *Page 639 
along the east side of that part of Patuxent Street, laid out upon the Canton Company's plat, at right angles to Boston Street; then reversing the line so drawn and bounding on Patuxent Street, north northeastwardly 32 perches and 3 tenths of a perch to a point on Boston Street, so as to intersect a line drawn southwardly along the east side of that part of Patuxent Street, laid out at right angles with Elliott Street, then reversing the line so drawn and bounding thereon, along the east side of Patuxent Street, northwardly 20 perches and 3 tenths of a perch to the place of beginning."
The deed referred to from Edward Brooke to the Railroad Company contains the following description of the land thereby conveyed:
 "All that piece or parcel of ground situate in Baltimore City in the State of Maryland, and described as follows, that is to say: Beginning for the same at the southeast corner or intersection of Boston and Patuxent Streets and running thence and bounding on the southwest side of Boston Street, south seventy-two degrees four hundred and sixty-two and six-tenths feet, thence southwesterly parallel with Patuxent Street five hundred feet, more or less, to the Port Warden's line, thence northwesterly binding on the Port Warden's line, four hundred and sixty-two and six-tenths feet, and thence northeasterly and along the east side of Patuxent Street five hundred feet, more or less, to the place of beginning."
It is clear upon the many cases in this State that if the bed of Patuxent street was owned and retained by the Canton Company of Baltimore at the time it executed the deed and lease referred to above, the deed and lease, with the plat mentioned therein, or without the plat, if Patuxent street is susceptible of definite location and description, was evidence tending to establish a dedication of Patuxent street. White *Page 640 
v. Flannigain, 1 Md. 525; Moale v. Baltimore, 5 Md. 321;Hawley v. Baltimore, 33 Md. 270; Tinges v. Baltimore,51 Md. 600; Flersheim v. Baltimore, 85 Md. 494; Baltimore v.Frick, 82 Md. 77; Baltimore v. N.C. Ry. Co., 88 Md. 427;Baltimore v. Yost, 121 Md. 379. In White v. Flannigain,
the Court said: "Where a party sells property lying within the limits of a city, and in the conveyance, bounds such property by streets designated as such, in the conveyance, or on a map made by the city, or by the owner of the property, such sale implies, necessarily, a covenant that the purchaser shall have the use of such street." In the case of Baltimore v. Frick, JUDGE FOWLER says: "It does not appear from any of these cases that the map or plat on which the street or public way may be laid out, must be made a part of or referred to by the deed or lease or other conveyance of the land under which the dedication is claimed to have been made, for the settled rule appears to be that if the lot is described as fronting or binding on a street which is designated on a public map or private plat, such description and calling for an unopened street raises an implied covenant that such right of way exists, and the presumption of dedication becomes conclusive, unless, as in Pitt's Case, 73 Md. 326, and some others, there is language used by the grantor in his conveyance to show that no dedication to public use was intended." And in Baltimore v. Yost, JUDGE PATTISON, in reply to the contention that there could be no dedication where there was no map or plat upon which the way was located, and after reviewing a number of the Maryland cases, says: "In the above mentioned cases there were maps and plats and the Court in what it said in those cases had reference to the facts which were at such times before it. And in those cases we do not understand the Court to have said that without a map or plat an implied covenant to dedicate a road or street to public use could not arise from a grant of land described as binding on such road or street, if at the time, such road or street was actually opened or laid out, with a *Page 641 
clearly defined width and capable of definite location and description. In such cases, however, the location of the road and such other facts as might be necessary in each particular case to arrive at the intention of the grantor in relation to the land or extent of land that was intended by him to be dedicated should be clearly proven, for the intention of the owner to dedicate his land to such use is absolutely essential, and unless such intention is clearly shown no dedication exists."
It is true the map referred to in the Canton Company's lease and deed was not offered in evidence in this case, nor was there any other map or evidence to show the location, etc., of Patuxent street produced, and it does not clearly appear from the record in this case that at the time the Canton Company executed the lease and deed referred to it owned and retained the bed of Patuxent street, but the defendant was not bound to offer all its evidence at once, and after the refusal of the Court below to admit the deeds it would have been of no avail to offer the map or other evidence of the location, c., of Patuxent street, or that the Canton Company owned and retained the fee in the bed of the street. The record shows that the ground upon which the plaintiff objected to the admission of this evidence was that the lower Court in the case of the Canton Company's appeal had decided "that the bed of Linwood avenue was not dedicated." The railroad company was not, however, a party to that case, had no interest in it, and could not be concluded by any judgment therein. Hawley v. Baltimore, supra; Friedenwald v.Baltimore, 74 Md. 116; Act of 1898, Ch. 123, p. 341, sec. 175. It, moreover, appears from the record in the Canton Company'sCase in this court that the learned judge below held that there had been a dedication of Patuxent street, but that the city was estopped by its conduct, c., from asserting its right to it. In the case at bar there is no evidence to show that the railroad company abandoned its easement in the street. *Page 642 
This brings us to the ruling on the prayers. In regard to the plaintiff's prayers the only objection urged to them, and the theory of the defendant's special exceptions to these prayers, as expressed in its brief, is that there having been a dedication of Patuxent St. (Linwood avenue) the railroad company could not be benefited by the opening of the latter. But the evidence offered to establish a dedication was not admitted by the Court, and counsel for the appellant admits in his brief that the plaintiff offered evidence tending to show that the lot of the appellant would be benefited. These prayers, therefore, are not open to the only objection urged against them, and for the same reason the defendant's first prayer was properly rejected. The defendant's third prayer was based on the evidence produced by it to show that the opening of Linwood Avenue would necessitate the filling up of the defendant's lot, and as all of that evidence was stricken out there was no reversible error in the rejection of the prayer. As we have said, the other exceptions were not pressed in this Court. We do not find reversible error in any of them. The defendant was not seriously prejudiced by the exclusion or admission of the evidence referred to, and it is only necessary to say that the evidence in such cases should be confined to the effect of the opening of the street upon the property involved as tending to enhance or diminish its value.
For the errors pointed out in the rejection of the evidence embraced in the tenth, eleventh and twelfth exceptions the rulings of the Court below must be reversed.
Rulings reversed, with costs to the appellant, and caseremanded for a new trial. *Page 643