GEORGE W. HUBBARD ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE.

[No. 30, October Term, 1929.]

*Decided January 6th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John Murphy* and *Alfred D. Smith*, submitting on brief, for the appellants.

*Allen A. Davis, Assistant City Solicitor,* with whom were *A. Walter Kraus, City Solicitor,* and *Paul Berman, Assistant City Solicitor,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

By this suit in ejectment the appellants dispute the validity of condemnation proceedings under which certain land owned by them was acquired by the City of Baltimore for street widening purposes. The condemnation was conducted under the provisions of chapter 32 of the Acts of 1912, which authorized the Mayor and City Council, by ordinance, to direct the commissioners for opening streets, after giving the notice required by law, to value the damages and benefits resulting to the owners from the acquisition of land for street improvements, subject to the right of the city or the owners to appeal from the valuation of the commissioners to the Baltimore City Court and to have the issue determined by a jury. In thus providing for a jury trial on appeal, the act satisfied the mandate of section 40 of article 3 of the Maryland Constitution, that: "The General Assembly shall enact no law authorizing private property to be taken for public use, without just compensation as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to such compensation." *Stewart v. Baltimore*, 7 Md. 500, 514; *Baltimore v. Ulman*, 79 Md. 469; *Solvuca v. Ryan & Reilly Co.*, 131 Md. 265; *Branch v. Indemnity Ins. Co.*, 156 Md. 482; 2 *Poe, Pl. & Pr.*, sec. 769. In 1913, however, that provision of the Constitution was amended by the addition of the following clause: "But where such property is. situated in Baltimore City and is desired by this State or by the Mayor and City Council of Baltimore, the General Assembly may provide for the appointment of appraisers by a court of record to value such property, and that, upon payment of the amount of such valuation to the party entitled to compensation, or into court, and securing the payment of any further sum that may be awarded by a jury, such property may be taken." (Const., art. 3, sec. 40A.) The contention is that, since the ratification of that amendment, the only constitutional method available to the City of Baltimore for the exercise of the power of eminent domain is by resort to a court of record for the appointment of appraisers to value the property sought to be condemned, and that the condemnation

of the appellants' property, through the action of the commissioners for opening streets, under a statute antedating the quoted amendment to the Constitution, was therefore ineffectual to deprive the appellants of their title.

By chapter 150 of the Acts of 1914, entitled "An Act to carry out the provisions of the amendment adding section 40A to article 3 of the Constitution," it was provided that "whenever the Mayor and City Council of Baltimore shall hereafter provide by ordinance for the laying out, opening, extending, widening or straightening of any street, square, lane or alley, such ordinance may provide that the commissioners for opening streets shall proceed to acquire the property necessary, in accordance with section 172, and following, of the City Charter, or said ordinance may provide that the property necessary to be acquired for such laying out, opening, extending, widening or straightening, may be acquired by proceedings in the Baltimore City Court under article 33A of the Code of Public General Laws." The procedure directed by the City Charter sections mentioned in the Acts of 1914 was that pursued in the condemnation of the appellants' land. While article 33A of the Code, as originally enacted by chapter 117 of the Acts of 1912, provided for valuations by appraisers appointed by a court of law and for the right of jury trial on exceptions to their award, article 33A, in its present form, as enacted by chapter 463 of the Acts of 1914, omits the provision for an initial valuation by appraisers and directs the ascertainment and award of damages to be made in court by a jury there empaneled. But it was provided by article 33A, in both its original and amended forms, that nothing therein contained should "apply to or change the present law or procedure for the opening, closing, widening or straightening of highways."

It thus appears that the condemnation in question, involving a preliminary valuation by the commissioners for opening streets, was in pursuance of one of the alternative methods which the provisions of chapter 150 of the Acts of 1914, then in force, purported to authorize. The inquiry is whether the Legislature could validly confer authority upon

the city to proceed in condemnation cases otherwise than in accordance with the method of initial appraisement mentioned in section 40A of article 3 of the Constitution. A negative answer to that question is invoked by the appellants on the theory that the clause in the Constitution, empowering the Legislature to provide for valuations, in Baltimore City, by appraisers appointed by a court of record, should be construed as mandatory and exclusive.

It was the apparent purpose of the constitutional amendment under consideration to enable the State or the municipality, after a valuation by judicially appointed appraisers, to use the condemned property in Baltimore City pending a jury trial, upon paying the amount of the valuation into court and securing the payment of any further sum which a jury might award. The procedure adopted by the city in this instance, under statutes enacted before and after the ratification of the amendment, does not admit of any appropriation of the condemned land prior to a jury's review of the preliminary award or its acceptance by the owners. The right of a jury trial upon the issue of "just compensation" to the owner was already secured by the Constitution and was not affected by the amendment. In view of the pre-existing constitutional and statutory provisions relating to condemnations, we are of the opinion that the amended clause, directed to the particular purpose of permitting the anticipatory use of the condemned property under specific conditions, should not be interpreted as excluding the other method of procedure, which was in valid use when the amendment was submitted and which the Legislature subsequently sanctioned. During the period of sixteen years since the amendment was ratified, this court has reviewed a number of cases in which property was condemned in Baltimore City under the proceeding provided by the City Charter, requiring an original valuation by the commissioners for opening streets. In none of those cases was there any question as to the constitutionality of that procedure or of the statute by which it is authorized. *Baltimore v. Johnson,* 123 Md. 320; *Patterson v. Baltimore,* 124 Md. 153 and 130 Md. 657; *Maryland Trust Co*

*v. Baltimore,* 125 Md. 40; *Baltimore v. Carroll,* 128 Md. 68; *Timanus v. Baltimore,* 128 Md. 112; *Cahill v. Baltimore,* 129 Md. 17; *Consolidated Gas E. L. & P. Co. v. Baltimore,* 130 Md. 20; *Bonaparte v. Baltimore,* 131 Md. 86; *McGaw v. Baltimore,* 131 Md. 430; *Baltimore v. Gamse,* 132 Md. 290; *Baltimore v. Maryland Trust Co.,* 135 Md. 36; *Bouis v. Baltimore,* 138 Md. 288; *Fairmount Land Corp. v. Baltimore,* 145 Md. 391. Both the Legislature and the courts have acted upon the assumption that the authority under the amendment to allow a resort to the procedure which it indicates is an optional power and not a positive obligation. The provision is merely permissive in form, and there is no occasion to give it by construction a mandatory effect. The conditions under which "may" is construed to mean "shall," in the interpretation of statutory or constitutional provisions, are not here presented, and the cases cited in support of that principle are consequently inapplicable. Our decision is governed by the special terms and evident design of the amending clause, as considered in relation to the constitutional and prior statutory legislation on the subject to which the amendment refers.

The judgment on demurrer, for the defendant, will be affirmed.

*Judgment affirmed, with costs.*