THE W. V. GUTHRIE COMPANY *vs.* BALTIMORE METHODIST PUBLISHING AND PRINTING COMPANY.

*Action on Contract—Evidence.*

Appeal from a judgment of the Superior Court of Baltimore City (STOCKBRIDGE, J.), where the case was tried before the Court without a jury. *Affirmed.*

The plaintiff, the W. V. Guthrie Company of Baltimore City, and the defendant, the Baltimore Methodist Publishing and Printing Company of Baltimore City, agreed in writing that the former should print for the latter a religious periodical called "The Baltimore Methodist" in consideration that a lease held by the defendant should be assumed by the plaintiff and in further consideration of the payment by the defendant of forty dollars per week for such printing and the necessary materials until the 1st January, 1899. The written contract sets forth certain other considerations, and contains a

variety of provisions which we do not think it necessary to mention, for, although the exceptions are numerous, the controlling question is a narrow one and may be disposed of briefly.

The *narr.* contains the common counts and a special count setting forth the written contract sued on. The defendant pleaded the general issue and a special plea. The latter alleges that the plaintiff before suit brought had transferred and assigned all its rights under the contract to Leon Levy and W. V. Guthrie, trading as the Levy & Guthrie Company, who agreed to the alteration of said contract and continued to print the defendants paper until the 20th October, 1898, when a settlement in full was made by the defendant with said Levy & Guthrie Co., and that the contract for printing the paper of the defendant ceased and determined. The plaintiff joined issue on the general issue pleas and traversed the special plea, denying the alleged settlement and alleging that the contract declared on continued to exist between the plaintiff and defendant after the date mentioned. The defendant joined issue on this replication—and the narrow issue was presented as to whether there was any contract in existence on which the plaintiff can recover in the name in which it sues or in any other name. For, although the plea alleges that the plaintiff has assigned its rights in the contract sued on, yet the uncon-tradicted evidence is that the plaintiff and the Levy & Guthrie Company to whom the alleged assignment was made are one and the same corporation, and that there never was legally even a change in the plaintiff's name, except to the extent of printing on same of the·plaintiff's stationery the new name which it used. So that it was a concession in the case that the plaintiff and the Levy & Guthrie Company are both one company, and the issue as we have said, and the only issue was whether there was any contractual relation existing between the plaintiff and the defendant at the time suit was brought. During the course of the trial eleven exceptions were taken—ten of which relate to the exclusion of testimony and one to the ruling on the prayers. The case was tried before the Judge without a jury, and the verdict being for the defendant the plaintiff has appealed.

From the view we take of this case we think it unnecessary to discuss the several exceptions in detail—and for the reason that assuming that there has been error in some of the rulings, it appears from the uncontradicted evidence in the case that it was impossible for the plaintiff to recover even if all the excluded evidence had been admitted. The suit here is not for work done and materials provided, for it is conceded that the parties had a settlement whereby it was agreed that $224 was the amount due the plaintiff and that was paid. The only thing left open by this adjustment was the dispute in reference to the alleged breach of contract. These facts are also conceded and appear from the plaintiffs own testimony. But in addition to all this the plaintiffs testimony also shows that it and not the defendant abandoned the contract and refused to perform it. The witness, Leon Levy, the president of the plaintiff company testified that he had a dispute with the general manager of the defendant, and failing to carry his point, he gave the defendant notice that unless the bill was paid the plaintiff would not print the paper any more. The defendant refused to accede to plaintiff's demands, and the latter thereupon refused to print the paper as required by the contract and returned the copy for the current issue. The defendant vacated the premises in accordance with notice of plaintiff to that effect and made another contract with other parties for the publication of its paper. Under these circumstances we think it is clear that the plaintiff has disentitled itself to recover, and that for this reason, if for no other, the Court was justified in excluding the testimony objected to, such rejected testimony having no reference to the real issue in the case. Under the peculiar situation presented in this case, however, even if some of the excluded testimony were admissible the plaintiff was not thereby injured, because as we have seen it appears from an examination of the whole record that the plaintiff could not recover for the reason that it and not the defendant was guilty of a breach of the contract. And it is clear that the Court below sitting as a jury so found from the evidence, for its verdict was for the defendant in spite of the fact that all the propositions of law offered by the plaintiff, except the second

which related to the measure of damages, were granted.　But, if as we have said there is no reversible error in the rulings upon the evidence, and upon the evidence admitted the verdict was for the defendant, no injury could have resulted from a refusal of a prayer to measure damages which had no exist-ence.

Opinion by FOWLER, J., filed March 7th, 1901.

*Hyland P. Stewart* and *Jas. W. Chapman, Jr.,* for the ap-pellant.

*Thos. Ireland Elliott,* for the appellee.