# DORSEY W. OFFUTT *vs.* THE COUNTY COMMISSIONERS OF MONTGOMERY COUNTY.

*Change in Grade of Highway—Consequential Damages to Abutting Owner—Pleading.*

When a municipal corporation, in pursuance of its statutory authority, authorizes a change in the grade of a public road by a passenger railway company, an abutting owner is not entitled to recover damages because such change renders access to his land more difficult.

The Act of 1898, ch. 257, empowered certain County Commissioners to maintain a road with a grade not to exceed six feet in the hundred and authorized them to permit the construction of a passenger railway on the road.   In pursuance of authority given to it, a railway company laid its tracks on the road and changed the grade thereof to three feet in the hundred, which resulted in making the road seven feet below the level of the lot of the plaintiff who was an abutting owner.   In an action against the County Commissioners to recover damages for being deprived of free access to his land, *held*, upon demurrer.

1st. That the provision in the statute relating to the grade of the road did not compel the defendants to maintain a grade of not less than six feet in the hundred, but only restricted them from allowing a steeper grade than that mentioned.

2nd. That since the change in the grade of the road was made in pursu-

ance of the power vested in the defendants, they are not liable to the plaintiff for the consequential damages arising therefrom.

A declaration alleging that the defendant unlawfully deprived the plaintiff of convenient access to his land states a sufficient cause of action under Code, Art. 75, sec 23.

Appeal from the Circuit Court for Montgomery County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*John Prentiss Poe* and *W. Veirs Bouic* (with whom was *Edward C. Peter* on the brief), for the appellant.

The Act of 1898, states specifically how the road shall be used and graded by the defendants and expressly *restricts* them in the grade, to wit: "The acclivity and declivity of which road shall in *no* case exceed six feet in the hundred feet:" And by sec. 7, the defendants were expressly restricted in granting any right to any railway company, thus: "The grade of any passenger railway that shall be constructed over or along the bed of said road under the provisions of this section shall *conform* to the grades of said road as established by (the defendants) the County Commissioners, and such railway shall be constructed and laid in such manner as to allow safe, free and easy access to said public county road by persons living along the route of the same, and having to cross the track or tracks of such railway to reach the same." This Act evidently intended to guard the property of land owners along the route of said road from *any* grade the Commissioners might think proper to make in the light of the decisions of the Court in the case of *Willison* v. *The Mayor and City Council of Cumberland,* 50 Md. 148, and other similar cases. In all of these cases it has been decided that no action arises for consequential damages to private property when the act complained of was done by officers *under* and *pursuant* to authority conferred, and where there has been no want of reasonable care and skill in the execution of the power, *although the same act if done without legislative sanction* would be *actionable.*

In the case at bar, it will be observed, by reference to the Act of 1898, that there was not only no legislative sanction given to make the grade complained of but such grade was expressly prohibited, and "the safe, free and easy ingress and egress" that has by the wrongful and unauthorized acts of the defendants been denied the appellant was expressly secured to him by its terms.     But for this Act the defendants could not have acquired title (except by condemnation) and would have had no ownership or control over said road, and by the Act they were granted the right to acquire the road subject to the terms, conditions and restrictions thereby imposed.     It can hardly be contended that the Commissioners could acquire any other rights than such as expressly directed by the statute, and whilst it is undoubtedly true that any general right to grade passed out of the Turnpike Company when defendants acquired title, yet such right did not pass to the defendants because the statute expressly limited it and the defendants therefore exceeded their authority and power when they permitted the Railway Company to grade as set forth in the *narr.*

The injury complained of has, therefore, not "resulted solely as a *consequence* of the *proper* execution of a legal power," 50 Md. 150, but has been caused by an open and flagrant disregard of the restricted power conferred by the Act of 1898, ch. 257.     This Act of 1898 was evidently framed on the lines laid down by CHIEF JUSTICE ALVEY in his dissenting opinion in 50 Md. 160.     The Court in *O'Brien* v. *Balto. Belt Ry. Co.*, 74 Md. 373, gives to municipal corporations discretion for municipal purposes to grade regardless of abutting property owners, and this, it is evident, was the purpose of the Act of 1898, ch. 227, to prevent; but even this case says (see page 376) this " does not apply in the case of the grant of power to change the grade of and occupy the street with a steam railway track by a railroad company having no connection with the municipal government.     In such case a different principal applies and the rights of individual property owners are in no sense subordinated to the rights of the railroad."     Also see 2 *Dillon on Municipal Corporations*, secs. 781 and 995.

The Washington and Rockville Railway Company to which the defendants gave permission to grade was incorporated under the general incorporation laws of the State and has the right to use steam or become a steam railway, and such grade as now made must be considered by the Court as "a change of grade not for municipal purposes but for the purposes of a steam railroad." And therefore is clearly within the rule as declared in *O'Brien's case*. The doctrine established in *Willison's case* and repeatedly advanced in its practical application often leads to great injury to private land owners—and it is apparent that the restrictive provisions of the special Act of 1898, under consideration, were enacted for the purpose of protecting the land owners against the arbitrary establishment of any grade the defendants might think proper to make by restricting them to such a grade only as would give the land owners "safe, free and easy ingress and egress" to their land.

*Hattersley W. Talbott* and *Charles W. Prettyman*, for the appellees.

The first count of the declaration is defective in that it does not disclose the nature of the injury complained of or the means by which such alleged injury was occasioned. There is only the bald statement that defendant deprived "the plaintiff of convenient access to said lot and premises from said road and of the means of ingress and egress to and from said lot and premises and of the beneficial occupation and enjoyment of the same." It is a plain canon of pleading that the declaration must set out whatever *facts* may be necessary to constitute the ground of action "that the defendant may be forwarned of the nature of the proof to be preferred against him and be prepared to contradict, explain or avoid it." *Pearce* v. *Watkins*, 68 Md. 534.

The only damage alleged in the second count is said to have arisen from the change of grade from six feet to three feet in the hundred. This was a repair or change in the road that would certainly be to the advantage of the general public, in that it made travelling easier and hauling less difficult.

This road was to be a turnpike road and is one of the main avenues over which the produce of Montgomery County reaches its market in Washington City.   The law casts upon the County Commissioners the duty to protect the public roads and keep them in proper repair for the use of the public.   Individual rights must be held and enjoyed in subordination to those of the public.   And, if by reasonable or necessary improvements to a highway, a party suffers consequential damages, it is *damnum absque injuria* and no right of action accrues to him.   *Tyson* v. *County Commissioners, &c.*, 28 Md. 510; *Mayor, &c.*, v. *Willison*, 50 Md. 148.   Any reading of this count of the declaration, no matter how cursory, will show that the injury to this property, for which damages are claimed, is alleged to have been occasioned by a change in the grade of a public highway made by competent authority.

As a general proposition no action can be maintained for damages resulting from the change in grade of a highway. 10 *Amer. & Eng. Ency. of Law* (2 ed.), 1124 and 1127.   In Maryland this doctrine has received the approval of this Court. *Douglass* v. *Boonesborough Turnpike Company*, 22 Md. 219; *Peddicord* v. *Balto., Catonsville, &c., R. R. Co.*, 34 Md. 463. And it has been said that such an abutting owner can not recover damages, even if a change of grade is irregularly and illegally made.   *Kelly* v. *Mayor, &c.*, 65 Md. 171.   For a summary of the law as announced in the cases on this point see *Guest* v. *Commissioners of Church Hill*, 90 Md. 693.

The only exceptions to the general rule are where private property is actually invaded or where the work is negligently or improperly done and such negligence results in injury to the abutting owner.   The declaration contains neither of these allegations ; but, on the contrary, avers that the cutting complained of is only up to the line of appellant's land.   We have then for the defendant.   1. The general power to grade and repair the highway.   2. The special direction in the Act of 1898 to construct a road upon a grade *not to exceed* six feet in the hundred.   3. No damage to plaintiff except such as results from a proper and convenient grading of a public highway, for which no action can be maintained.

PAGE, J., delivered the opinion of the Court.

This suit was instituted by the appellant to recover damages from the appellees, which it is alleged, resulted from a change of the grade of the public road in front of the former's property.

The appellees demurred to the declaration, and the demurrer having been sustained and judgment thereon rendered, the appellant has appealed.

There are two counts in the declaration. The only objection made by the appellee to the first, is that it does not sufficiently disclose the nature of the injury complained of, or the means by which it was occasioned. The averment of the count, is that the appellant had the right to "the necessary ingress and egress to and from the said lot and premises and for the beneficial occupancy and enjoyment of the same." And that "the defendant, unlawfully, wrongfully and injuriously deprived the plaintiff of convenient access to the said lot and of the beneficial occupation of the same, &c." These averments are in substantial conformity with the form which by the 23rd section of Article 75 of the Code, it is declared shall be sufficient. By the 33rd sub-section of the same section and article, the form given is that the plaintiff was possessed of land called, &c., and "was entitled to a way from said land over the land of the defendant to a public highway, &c.," and that "the defendant deprived him of the use of said way." This count therefore presented a sufficient cause of action and the demurrer thereto should have been overruled.

The second count is substantially as follows: That the plaintiff on the 15th day of October, 1898, was seized and in possession of a lot of ground situated in Montgomery County, and fronting and abutting on the public county road formerly known as the Georgetown and Rockville road; that he had at that time and still has the right to have convenient access to and from the said premises, to and over the said road, which was and is the only public highway upon which the said lot abuts; that before the date mentioned, the appellee established a grade for the said road at the place where the

said lot abuts of six feet in each one hundred feet of longi-
tudinal distance on said road; that thereafter the appellant
granted to the Washington and Rockville Railway Company
the right to lay its tracks on said road and "also permitted
the said company solely for its own purposes and convenience,
and not for the purpose of a public highway or as necessary
and proper for the benefit of the citizens of said county using
the same, to reduce the grade of said road at the place afore-
said, from a rise and fall of six feet in each one hundred feet ·
to a rise and fall of three feet in each one hundred feet of
longitudinal distance; that "by the act and permission afore-
said," the said company has dug down along the entire front
of the appellant's lot to the depth of not less than seven feet
perpendicularly beneath the level of said lot; and that by
reason thereof, the appellant was and is wrongfully deprived
of full and free access to said lot, and of the beneficial occu-
pation and enjoyment of it, and that the lot is now rendered
subject to inevitable caving and falling away.

It was conceded by both parties at the argument, that the
appellees, who are the County Commissioners of Montgomery
County, were authorized to acquire and did acquire title to
the road under the Act of 1898, ch. 257. By the first sec-
tion of that Act they were authorized and directed, after hav-
ing acquired title to the turnpike road therein mentioned, to
construct a public county road, "the acclivity and declivity"
of which should "in no case exceed six feet in the hundred."
This provision as to grade, cannot be construed, as was con-
tended at the argument by the counsel for the appellant, so   ·
as to impose upon the appellees the duty of making a grade
that should be neither more nor less than a six per cent grade.
It restricts them from allowing a steeper grade than that, but
leaves them free to establish a lower grade, whenever and
wherever in their judgment and discretion the public necessi-
ties should so require. They had, at all times therefore, full
power to fix the grade at three feet in the hundred of longi-
tudinal distance.

By the seventh section the power of the appellees to permit

the construction of a passenger railway is clearly recognized. It is therein provided that no such railway shall be constructed in the bed of the road, without the prior consent of the appellees, and they are forbidden to grant such privileges without receiving the compensation therefor as is particularly mentioned in the section. Among other provisions relating to the construction of railways on the road it is provided in the last clause of the section that the grade of the railway constructed over or along the bed of the said road, " shall conform to the grades of said road as established by the County Commissioners."

It is clear, therefore, that the railway company has the right to construct its tracks upon the road, upon such grades as the appellees should establish as the grade of the road, provided that the grade so established did not exceed a declivity or acclivity of six feet in the hundred of longitudinal distance.

The appellant avers in the second count, that the alteration in the grade was made for the purposes of the railway and not for the purpose of a highway. But there is also an averment that the change of grade was made by the permission of the appellees. Such change was, as we have seen, within the power conferred upon the appellees, and if in the exercise of their public functions, they deemed it proper for the protection of the public interests, it was their duty to make it. Those interests might indeed demand that a passenger railway should be constructed on the bed of the road. It is not alleged that the railway is operated by steam as the motive power, or that the employment of such an agency is contemplated. A public road may be used for all the purposes of ordinary travel and transportation, and such agencies adapted to those purposes, may be employed as will reasonably promote the objects of its creation. In *Koch* v. *North Avenue Railway Company*, 75 Md. 229, this Court held that a street is a way set apart for public travel, and that new and improved motive power, not inconsistent with the uses and purposes for which it was opened could be employed. And in *Peddicord's case*, 34 Md. 481, in reference to the construction of a passen-

ger railway upon the right of way of a turnpike company, it was said that though such use was not actually contemplated by any of the parties to the acquisition and grant, "yet it may be said to have been within the legal contemplation of all that it was to be used for all purposes by which the object of its creation as a public highway could be promoted." It thus appears that the change of grade was made by the appellees in the discharge of their duties as County Commissioners, and in such cases it is well settled that if such repairs or improvements be made with reasonable skill and care in the performance of the work, they will not be responsible for consequential damages to an adjoining owner whose lands are not actually taken. *M. & C. C. of Cumberland* v. *Willison*, 50 Md. 148.

It is not charged that the work was improperly or carelessly done, and inasmuch as it appears that the appellees had power to authorize the railway company to construct its tracks upon the bed of the street and, to change the grade, and that the land of the appellant was not actually invaded, it follows that under the allegations of this count of the *narr.* the appellant is not entitled to compensation for the injuries alleged to have resulted from the change of grade. *Green* v. *City & Sub. R. Co.*, 78 Md. 304.

It follows from what has been said that the demurrer to the second count of the declaration was properly sustained.

Although the first count of the declaration has been sustained, we will not at this time, order a new trial, because it may reasonably be presumed that the appellant has stated his whole case in the second count which we have declared to be insufficient in law. If, however, the appellant desires a new trial, he will have leave to file his motion in this Court, within the next thirty days.

> *Judgment affirmed, with leave to the appellant to file a motion for a new trial in this Court within thirty days, with costs to appellee.*

(Decided November 22nd, 1901.)