CHARLES· W. HAYMAN ET AL. *vs.* THOMAS S. LAMBDEN.

*Appeal Before Final Judgment—Agreement of Counsel—One Joint Maker of Note not Bound by Admissions of Other Maker.*

An appeal was taken from the rulings of the trial Court after a verdict of the jury but when there had been no final judgment in the case. An agreement of counsel was filed in this Court that hearing should be had and judgment rendered to the same effect as if final judgment had been regularly entered of record in the Court below. *Held*, that this Court has no jurisdiction to hear the cause until after final judgment and that jurisdiction cannot be conferred by agreement of counsel.

One of two joint makers of a promissory note is not bound by the admissions of the other maker or by the latter's waiver of a defense to the note.

Appeal from the Circuit Court for Somerset County.

The cause was submitted to the Court on briefs by :

*Miles & Stanford,* for the appellant.

*Gordon Tull,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Somerset County. The case was submitted on briefs without argument.

Upon examination of the record we find that no final judgment has been rendered, and that, therefore, the appeal has been prematurely taken, and must necessarily be dismissed. In order to avoid this result counsel have entered into an agreement and have filed it in this Court that inasmuch as "no final judgment had been entered up before the appeal was taken in this case, it is agreed * * * that hearing may be had and judgment rendered in this Court, to the same effect and extent as if final judgment had been regularly entered of record in the Court below before this appeal was

taken." But the difficulty cannot be overcome in this manner. This Court has *no jurisdiction* to hear the case until after final judgment has been rendered by the Court below, and jurisdiction cannot be conferred by agreement of counsel. The appeal will, therefore, have to be dismissed. We may say, however, that we have examined the record and if the case were properly before us we would be compelled to reverse, upon the ground that the theory of the plaintiff's first prayer which was granted by the Court below is based upon an erroneous proposition of law.

It appears from the record that the plaintiff sued the defendants on their joint promissory note. They pleaded the general issue, fraud and set off, &c. At the trial they offered evidence tending to show that the note in question was given to the plaintiff in part settlement for a saw mill and a contract to cut timber ; that the mill was not in good order and that the contract was worthless. Evidence was offered in rebuttal by the plaintiff tending to prove acts, admissions, agreements of one of the joint makers, Chas. W. Hayman, to establish a waiver of any rebate on account of the condition of the mill and to prove that *he had promised to pay the note after knowing the condition of the wood cutting contract and that he had asked for an extension of time on said note and promised to pay the same in full with knowledge of the condition of the mill.* Without undertaking to state the facts fully, for it is not nececsàry, we need only say that on these facts and others relating *entirely to the acts, admissions and waivers of Chas. W. Hayman,* the Court instructed the jury that if they *found them,* the plaintiff was entitled to a verdict against *both the joint debtors.*

It is not pretended that the other joint debtor had done anything to waive her defenses, but the theory of the learned counsel for the appellee is, quoting from the opinion of this Court in *Wilmer* v. *Gaither,* 68 Md. 343, that " Payment by one joint debtor is payment by all and an admission by one is an admission by all." This language was used with regard to the effect to be given to the promise of one joint maker of

a note when the Statute of Limitations is pleaded.   It has long been the established rule that a promise or admission of one of several joint debtors made before the statute has become a bar, will arrest the statute.   But if such promise is not made until after the statute has run and become a bar, then such promise will only be effectual as against the party making it.   We have nothing to do here, however, with the Statute of Limitations, and the question is whether one of two joint makers of a promissory note is bound by the acts and admissions of the other as fully as if they were partners or each were the authorized agent of the other.   We know of no principle of law which would justify us in sustaining such a proposition and none has been cited by the learned counsel for the appellee.   Indeed it would seem to follow that if we adopt the proposition involved in the plaintiff's first prayer, we would have to hold not only that joint makers of a promissory note as to that note, are partners, but that they stand in relation to each other respectively as principal and agent.

*Appeal dismissed.*

(Decided April 1st, 1903.)