## MAYOR AND CITY COUNCIL OF BALTIMORE *v.* BALTIMORE MARINE WORKS, INC.

*Change of Street Grade—Impairment of Access—Taking for Public Use.*

That the driveways of streets bounding plaintiff's iron works were lowered by the city, leaving the driveways from one to five feet below the level of the building, so as possibly to prevent the driving of trucks into the building from two of the streets, as had been done before the change, but not rendering any of the streets inaccessible to plaintiff, however affecting the convenience of its operations, or adding expense thereto, did not involve a taking of property, so as to justify the recovery of damages.

*Decided February 16th, 1927.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by the Baltimore Marine Works, Inc., against the Mayor and City Council of Baltimore. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles C. Wallace, City Solicitor,* with whom was *Allen A. Davis, Assistant City Solicitor,* on the brief, for the appellant.

*Stephen W. Leitch* and *Edward L. Ward,* with whom was *C. Braddock Jones* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from a judgment in favor of the appellee for the alleged destruction of access to its property on account of the grading, paving and otherwise improving by the appellant of Clement, Stevenson, and Woodall streets, in Baltimore. The only exception is on a directed prayer of no legally sufficient evidence, offered by the appellant and refused by the trial court; but this one exception lays open all the facts testified to for the consideration of this Court, and particularly assumes the truth of the appellee's evidence.

The appellee's claim is based upon its contention that, in the improvement of the three streets named, there has been such interference with the access to the appellee's iron works on all of the streets as to amount to a taking under section 40 of article 3 of the Constitution, which is as follows: "The General Assembly shall enact no law authorizing private property to be taken for public use, without just compensation as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to just compensation." "The section of the Constitution quoted does not define property, nor does it declare what shall be a taking. It leaves those questions to the determination of the courts upon the facts of each particular case." *Baltimore v. Bregenzer*, 125 Md. 83.

The law governing the case before us is so well settled that it seems superfluous to burden 'this opinion with more than brief references to what has so frequently been declared. It is sufficient to refer to *Dobler v. Baltimore,* 151 Md. 154; *Baltimore v. Dobler,* 140 Md. 634; *Cumberland v. Willison,* 50 Md. 148; *Green v. City and Suburban R. R. Co.,* 78 Md. 304.

In *Baltimore v. Bregenzer,* 125 Md. 87, it was said: "In

none of the cases is it held that mere inconvenience of access resulting from acts done or mere diminution of light and air constitute a taking of private property. The injury complained of must amount to a substantial destruction of these rights before the provisions of the Constitution can be invoked."

In *Garrett v. Lake Roland R. Co.,* 79 Md. 282, it was said:

"In *Transportation Co. v. Chicago,* 99 U. S. 635, the Court said: 'Persons appointed or authorized by law to make or improve a highway are not responsible for consequential damages, if they act within their jurisdiction and with care and skill, is a doctrine almost universally accepted, alike in England and in this country.' * * *"

"The decisions to which we have referred were made in view of Magna Charta and the restriction to be found in the constitution of every state, that private property shall not be taken for public use without just compensation being made. But acts done in the proper exercise of governmental power, and not directly encroaching upon private property, are universally held not to be a taking within the meaning of the constitutional provision," and this was affirmed in *Chicago v. Taylor,* 125 U. S. 161.

"The constitutional right to compensation for private property taken for public use does not extend to instances where the land is not actually taken, but only indirectly or consequentially injured."

In this case it appears that the appellee had a lease on a lot in Baltimore, bounded on the north by Clement Street, on the west by Woodall Street and on the east by Stevenson Street, with a ten-foot alley extending over half way into the lot from Woodall Street. The appellee had erected on the lot a building in which it carried on the business of manufacturing structural and other iron work. The building had two doors on Stevenson Street, two on Clement Street and one on Woodall Street, large enough to admit motor trucks. Before the three streets were graded and paved, the floor of the building, which was dirt, was prac-

tically at the grade of the streets, and trucks could be driven into it from all the streets. The lot of the appellee is bounded by the three streets named and the appellant's title to the street runs to the building line. The streets were improved from curb to curb. The sidewalks have not been reduced and are as before the street improvement. The streets were laid out and plotted before the appellee acquired title.

After the improvement, the difference in elevation from the top of the curb to the floor of the building on Clement Street varied from 2.28 feet at Woodall Street to 4.97 feet at Stevenson Street; from 4.34 feet on Stevenson Street at Clement Street to 3.81 feet at the southerly corner of the building; and from 1.75 feet on Woodall Street at Clement Street to .79 of a foot at the alley intersecting Woodall Street. The curbs are about five inches high, which should be added to all of the elevations so as to give the true height of the floor above the driveway on the three streets. It is evident from the elevations on the plat in the record that some of the doors could be shifted so as to permit driveways to be made into the building, particularly on Woodall Street, where the access appears to be nearly as good as before, with the advantage of a well paved street. The entrance to the alley from Woodall Street has not been changed. The appellee has not lost its access to Stevenson and Clement Streets. True, the grades have been changed, but not so as to render the streets inaccessible to the appellee. When the sidewalks are graded and laid those streets will still be available to the appellee. It may not drive trucks into the building on Stevenson and Clement Streets, but loading and unloading of trucks can easily be done at the building line on these streets.

The business of the appellee is still being carried on in this property. One of the appellee's witnesses testified that he "saw the building the day before the trial, that is, on June 16th, 1926, and the building was very much occupied by a business when he was there."

The operations of the appellee may be conducted with greater inconvenience or at some additional cost or expense, but such damage is manifestly consequential and not direct, and cannot bring the appellee's claim within the conditions found in *DeLauder v. Baltimore County,* 94 Md. 1; *Walters v. Balto. & O. R. R.,* 120 Md. 644, and *Sanderson v. Baltimore,* 135 Md. 509. There was no variation, in the three cases last mentioned, of the rules of law laid down in the other cases herein cited; the differences being in the findings on the facts. There was much greater hardship on the owners in the *Dobler* case, *supra,* and in *Green v. City and Suburban R. R.,* 78 Md. 304, where damages were denied, than in the present case. Here there is admittedly no invasion of the appellee's property, and no loss of its easement in or access to the streets named. Its access may be less convenient on two streets than before the improvement, an inconvenience which at most amounts only to a consequential damage.

For the reasons herein stated, we are of the opinion that the appellant's first prayer should have been granted.

*Judgment reversed, with costs to the appellant.*