HAROLD C. SMITH, TRUSTEE, *v.* BALTIMORE & OHIO RAILROAD COMPANY ET AL.

[No. 76, October Term, 1934.]

*Decided January 16th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, and SLOAN, JJ.

*James J. Hayden,* with whom was *H. Winship Wheatley* on the brief, for the appellant.

*John S. Stanley,* with whom were *Allen S. Bowie, William F. Prettyman, Kenneth H. Ekin,* and *Hershey, Donaldson, Williams & Stanley,* on the brief, for the Baltimore & Ohio Railroad Company, appellee.

*John B. Gray, Jr., Special Assistant Attorney General,* with whom were *William Preston Lane, Jr., Attorney General,* and *Joseph C. Cissell, Special Counsel,* for the State Roads Commission.

PARKE, J., delivered the opinion of the Court.

The record at bar is intended to have reviewed the ruling that the amended declaration of the plaintiff fails to state a cause of action. Each of the defendants raised this question by separate demurrers, which were sever-

ally sustained, with leave to the plaintiff to amend within ten days. The privilege was not exercised, and no judgment was entered on the demurrer, but the plaintiff appealed. A ruling on a demurrer to a declaration is not a final judgment from which an appeal lies; and the appeal must be dismissed. *Miller v. West*, 165 Md. 245, 249, 167 A. 696; *Emersonian Apartments v. Taylor*, 132 Md. 209, 210, 103 A. 423; *Waddell v. Arnett*, 146 Md. 477, 478, 126 A. 714; 2 *Poe, Pl. & Pr.*, sec. 826, p. 801.

The question of law was fully presented by the pleadings and will, if the court does not entertain it now, ultimately come again for a delayed consideration. Furthermore, the challenge made by the pleadings involves not merely an alleged invasion of the proprietary rights of the owner of the land, but the existence of important conditions and limitations with reference to the exercise by the State, through its corporate instrumentalities, of its sovereign power of eminent domain. It is these considerations which impel the court to express an opinion on the plaintiff's right of recovery. *Shartzer v. Mountain Lake Park Association*, 86 Md. 335, 338, 37 A. 786.

The declaration counts on the following facts: The plaintiff is the owner of a lot of land upon which he operates a garage and filling station. The property fronts on a public highway that crosses the railway of the Baltimore & Ohio Railroad Company in the town of Gaithersburg. Formerly, the surface of the lot and of the ground line of the buildings were on a level with the surface of the adjoining highway, but, in the autumn of the year 1930, the State Roads Commission of Maryland changed the grade of the highway by carrying the highway over the railway line by a bridge and its approaches, so that the level of the surface of the plaintiff's land and of the ground line of the improvements is now twelve inches lower than the surface of the highway in front of the plaintiff's lot. There was no physical taking nor encroachment upon the land of the plaintiff; and the elevation of the grade of the highway was neither improperly nor negligently made.

The construction was a public improvement. The State Roads Commission was authorized by the General Assembly of Maryland to abate dangerous grade crossings of public highways by railways. One of the methods mentioned was to substitute another crossing by raising or lowering the highway so that it would be carried either over or under the highway. Code (Supp. 1929), art. 91, secs. 38A to 38K; Acts 1931, ch. 516; *Krebs v. State Roads Commission,* 160 Md. 584, 154 A. 131. So, in the absence of any allegations of fact in the declaration to the contrary, it must be accepted that the State Roads Commission had proceeded within its delegated power in the construction of the crossing. 1 *Poe, Pl. & Pr.,* p. 731.

Furthermore, the access of the lot to and from the highway remained, but was rendered inconvenient to the extent of the difference in level which was obviously susceptible of correction by the owner of the land. The effect of this alteration in grade of the highway is alleged to have been a great decrease and loss in business, and a decline in rental value of the lot and a depreciation in its market value.

On these averments, the action is brought against the State Roads Commission, which made the change, and the Baltimore & Ohio Railroad Company, which is charged with participation in the construction. The action, therefore, is not for any direct injury, but is for consequential damages to property rights from a lawful act of the State that was done, by one of her agents, in a proper manner, with due skill, and without negligence.

A long and consistent line of decisions by this court has denied a right of recovery where the facts are similar to those alleged in the declaration under consideration. The theory adopted by the court is that, when a highway is acquired by gift, purchase, or the exercise of the power of eminent domain, it was an implication of the acquisition, in whatever form, by the public agency, that the land acquired for the highway would and could be used not only for passage by the public, but also for its repair and alteration of surface, from time to time, as

the public needs might require. The owners of land along streets and highways are charged with a knowledge of this right of the public to repair and change the surface of the highway, and, so, this principle applies to such proprietors, who must be held to have contemplated, at the time when title was acquired, and so to have assumed the lawful contingencies implicit in the location of their properties. Moreover, since consequential damages resulting to land from a mere change of grade, without any physical injury to the property itself, is not a taking within the meaning of the Constitution (article 3, sec. 40), the abutting landowner has no right of action, if the work is authorized by law, and is skillfully and not negligently done. For these reasons it has become an established general doctrine that there can be no recovery at law for damages to abutting property that have resulted from a mere change of grade in a highway on which the property binds.

The case of *Offutt v. Montgomery County*, (1901), 94 Md. 115, 50 A. 419, 420, is analogous to the one at bar. In that case the highway along the entire front of the proprietor's lot had been dug down to the depth of not less than seven feet perpendicularly beneath the level of the lot, so that the proprietor was deprived of his former full and free access, at grade, to this lot. The court held, on demurrer, that this gave the landowner no cause of action against the County Commissioners of Montgomery County, and thus stated the law:

"The change of grade was made by the appellees in the discharge of their duties as county commissioners, and in such cases it is well settled that, if such repairs or improvements be made with reasonable skill and care in the performance of the work, they will not be responsible for consequential damages to an adjoining owner whose lands are not actually taken. *Cumberland v. Willison*, 50 Md. 148.

"It is not charged that the work was improperly or carelessly done, and, inasmuch as it appears that the appellees had power to authorize the railway company to

construct the tracks upon the bed of the street, and to change the grade, and that the land of the appellant was not actually invaded, it follows that under the allegations of this count of the *narr.*, the appellant is not entitled to compensation for the injuries alleged to have resulted from the change of grade. *Green v. City & Sub. R. R. Co.*, 78 Md. 304, 28 A. 626; See *O'Brien v. Baltimore Belt R. Co.* 74 Md. 363, 22 A. 141; *Garrett v. Lake Roland etc. Ry. Co.* (1894), 79 Md. 277, 29 A. 830; *Baltimore v. Cowen*, 88 Md. 447, 41 A. 900; *De Lauder v. Baltimore County*, 94 Md. 1, 50 A. 427; *Walters v. Balto. & O. R. Co.*, 120 Md. 644, 88 A. 47; *Baltimore v. Kane* (1914), 124 Md. 231, 92 A. 533; *Balto. & O. R. Co. v. Gilmor*, 125 Md. 618, 94 A. 200; *Baltimore v. Bregenzer* (1915), 125 Md. 78, 93 A. 425; *Taylor v. Baltimore* (1917), 130 Md. 133, 99 A. 900; *Sanderson v. Baltimore* (1920), 135 Md. 509, 109 A. 425; *Baltimore v. Dobler* (1922), 140 Md. 634, 118 A. 168; *Dobler v. Baltimore* (1926), 151 Md. 154, 134 A. 201; *Baltimore v. Balto. Marine Works* (1927), 152 Md. 367, 136 A. 829; *Krebs v. State Roads Commission* (1931), 160 Md. 584, 154 A. 131.

The decisions noted clearly and fully sustain the ruling of the *nisi prius* court. The plaintiff, however, urges an abandonment of the well established doctrine of the court, and relies upon the four cases of *De Lauder v. Baltimore County* (1901), 94 Md. 1, 7, 50 A. 427; *Webb v. Balto. & O. R. Co.* (1910), 114 Md. 216, 232, 79 A. 193; *Walters v. Baltimore* (1913), 120 Md. 644, 655, 88 A. 47; and *Sanderson v. Baltimore* (1920), 135 Md. 509, 523, 109 A. 425. These cases involved such different facts that they are plainly distinguished from those on the instant record. The easement of the proprietor in every one of these cases was practically destroyed by the municipality or by the public carrier; and the court consistently held that the destruction of an easement was a taking of property within the protection of the Constitution, and the injured party would have a right of action. In the first of these cases, the right of way of the highway was completely and permanently obstructed by the erection of an artifi-

cial barrier preventing ingress and egress. In the second, the carrier so occupied the highway with its permanent railway construction that its use as a way by the plaintiff as a means of access to and from his property was destroyed. Similarly, in the third and fourth cases, the municipality so placed a permanent elevated railway structure in the highway, in the one instance, and, in the other, so excavated the beds of the streets, upon which the land of the owner abutted, to the depth of from fifteen to thirty feet, that the rights of way of the plaintiffs in both cases were taken, because the plaintiffs could not use them for access to and from their adjoining land. In the case at bar, the easement was not destroyed, but access to the property was rendered more inconvenient or expensive by the slight change in grade of the surface of the highway. See *Baltimore v. Dobler,* 140 Md. 634, 118 A. 168, where three of the decisions last cited are stated and distinguished.

It follows that if the appeal could be entertained, the ruling of the *nisi prius* court on the demurrers would have been affirmed. The dismissal, therefore, will have the same practical effect as an affirmance.

*Appeal dismissed, with costs to the appellee.*