## MAYOR AND CITY COUNCIL OF BALTIMORE *v.*
## SAMUEL HIMMELFARB ET AL.
### [No. 36, April Term, 1937.]

*Decided June 16th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, and SHEHAN, JJ.

*Lawrence B. Fenneman* and *Charles R. Posey, Jr.*,

*Assistant City Solicitors,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellant.

*Wirt A. Duvall, Jr.,* and *Maurice J. Pressman,* with whom was *Henry Glick* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The City appeals from a judgment at law at the suit of owners of a building on St. Paul Place, north of the Orleans Street Viaduct, in Baltimore, for damages from loss of value to the property by reason of deprivation of light and air, and invasion of dust, and gases, consequent upon the erection and maintenance of the viaduct. The principal ground of controversy, submitted on a prayer for direction of a verdict in the City's favor, is the right of the property owners to recover damages from the municipality for such injuries if proved.

The house is the second to the north of the viaduct, on the east side of the street. The viaduct at that point spans the street with a structure 27.4 feet high at a top hand rail, and the underpass is about 110 feet long in its north and south measurement. There is a spread here toward the western entrances and exits of the viaduct, and, after cutting off a corner of the house immediately adjoining on its north side on St. Paul Place, the span crosses the street at an angle of forty-five degrees in front of that house, the plaintiffs' house, and still another house to the north. There is testimony tending to prove that the plaintiffs' light and air from the south and west are cut off materially, shadows darkening the house severely, and that whirls or currents of air caused by the construction carry excessive dust and gases into it, all diminishing the use of it, to the considerable damage and loss of value to the owners. But this court is of opinion that, under the law of this state, consequential loss and damage of the character described cannot form the basis of recovery against the municipality, and that the verdict for the defendant should have been directed as prayed.

The many previous decisions on claims of property owners injured by lawful municipal improvements need not be reviewed again. They have frequently been cited and reviewed in recent cases. Here the only ground of complaint is a violation of the constitutional provision that private property shall not be taken for public use without just compensation to the owner. Const. art. 3, sec. 40A. The authority of the municipality to erect the viaduct is established. *Browne v. Baltimore,* 163 Md. 212, 161 A. 24. And the improvement is a public one, not one by a private corporation for its own convenience, for damages from which there might be a liability. *Balto. & P. R. Co. v. Reaney,* 42 Md. 117, 132; *Balto. & O. R. Co. v. Kane,* 124 Md. 231, 239, 92 A. 532; *Balto. & O. R. Co. v. Kahl,* 124 Md. 299, 302, 92 A. 770. In this situation, if there is no taking of private property, there is no liability for compensation. "The constitutional right to compensation for private property taken for public use does not extend to instances where the land is not actually taken, but only indirectly or consequently injured." *Garrett v. Lake Roland Elec. Ry. Co.,* 79 Md. 277, 282, 29 A. 830, 832; *Baltimore v. Baltimore Marine Works,* 152 Md. 367, 369, 136 A. 829.

The difficulty is the one long experienced from the extension of meaning of "taken," in decisions which have allowed compensation when property has not been actually appropriated for the public use, but its use and enjoyment by the owners have been interfered with in great degree. As distinctions between possible interferences must be largely distinctions in degree, complete uniformity in the precedents is not to be found, and "expressions used in the course of argument in some of the opinions may, perhaps, be difficult to reconcile with each other." *Krebs v. State Roads Commission,* 160 Md. 584, 593, 154 A. 131, 135. But it results from the adjudications that compensation may be exacted only for severe interferences which are tantamount to deprivations of use or enjoyment of property. Speaking of some of the principal forms of interference for which compensation

has been allowed, the court, in *Smith v. Balto. & O. R Co.*, 168 Md. 89, 176 A. 642, and *Krebs v. State Roads Commission, supra*, said these might be classed as instances of destruction of property, or its use, and be regarded as analogous to the incidental occupations of abutting property such as by flooding, which have been held to amount to a "taking" under the original provision in the Constitution of the United States; and in these statements the court classified as definitely as seemed practicable the interferences which might be included as taking. The use has then, in effect, been taken from the private owners, although the property has not been taken over into the possession and use of the public. Injury short of such incidental destruction or deprivation is not compensable. *Mayor etc. of Cumberland v. Willison*, 50 Md. 138, 147; *De Lauder v. Baltimore County*, 94 Md. 1, 50 A. 427; *Smith v. Balto. & O R. Co.*, 168 Md. 89, 94, 176 A. 642.

There has been no destruction of access or use of the plaintiff's property. The cutting off of light and air as described could not constitute destruction of it, nor could the blowing of dust and gases into it, except by a fiction too far removed from the fact. The light and air are not obstructed directly, or obstructed at all beyond a degree that is common among city buildings. Tall municipal office buildings on both sides of the street might have interfered as much, but would not have given a right to compensation. So a much-traveled highway relocated in front of a house might cause as much dust and gas to enter, but gives no such right. The damages are only consequential. And the case is analogous to that of *Mayor etc. of Cumberland v. Willison*, 50 Md. 138, in which it was held that damages done to the water power of a mill by means of an increased flow of water carrying debris into the race caused by the grading and paving of a street was not a taking of the property. "Property thus injured is not in the constitutional sense taken for public use." *Mayor etc. of Cumberland v. Willison, supra.*

Public improvements often cause severe incidental

damages for which, under this rule, no compensation may be obtained. But it must be remembered, as has been pointed out in other cases, that despite the examples of constitutional amendments and statutes enacted in other jurisdictions to provide the compensation, none have been enacted in this state; and the fact imposes on the courts all the more firmly the duty of observing the limits of the constitutional prohibition. It is not their part to provide otherwise. *Garrett v. Lake Roland Elec. Co.*, 79 Md. 277, 283, 29 A. 830; *Krebs v. State Roads Commission*, 160 Md. 584, 594, 154 A. 131.

The appellant also contended that the verdict in its favor should have been directed because the sole remedy for any damages these property owners might have suffered was by an appeal from a decision of the commissioners for opening streets denying them damages. Section 179 of the Charter and of article 4 of the Public Local Laws 1930; *Timanus v. Baltimore*, 128 Md. 105, 110, 96 A. 1030; *Stewart v. Mayor & City Council*, 7 Md. 500. Finding no right to compensation by any proceeding, the court passes that contention unconsidered.

*Judgment reversed without a new trial, with costs.*