ELKTON SUPPLY COMPANY *v.* FREIDA W. STUBBILES, ET AL.

[No. 69, October Term, 1941.]

98

*Decided December 4, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*James W. Hughes* for the appellant.

No brief and no appearance of counsel for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

Freida W. Stubbiles and William W. Stubbiles, her husband, filed a suit in ejectment in the Circuit Court for Cecil County, against the Elkton Supply Company, a corporation. The case came on for trial, and the court, sitting without jury, rendered a verdict for the defendant, The Elkton Supply Company.

The exact form of the verdict, as it appears in the record, in this appeal is, "Verdict of the Court is for the Defendant. Costs to be equally divided between the Plaintiffs and Defendant."

The appellant, defendant below, appealed "from the judgment of the Court directing it to pay one-half of the costs."

The record contains nothing but the docket entries, and certificates of the clerk of the court, that the docket entries are true copies.

From the record, the question at once arises, whether the appeal can be entertained. It has long been the well-settled rule that an appeal cannot be taken from a verdict only, but must be from a final judgment, duly entered by the court. Until a final judgment has been entered this court has no jurisdiction to hear the case on appeal. *Smith v. Baltimore & Ohio R. Co.*, 168 Md. 89, 91, 176 A. 642; *Miller v. West*, 165 Md. 245, 167 A. 696; *Newbold v. Green*, 122 Md. 648, 90 A. 513; *Cunningham v. Board of School Com'rs of Carroll County*, 93 Md. 738, 48 A. 1046; *Hayman v. Lambden*, 97 Md. 33, 54 A. 962; *Smithson v. United States Telegraph Co.*, 29 Md. 162; 2 *Am. Jur.* p. 868, sec. 30 and note 6.

In conformity to that rule the appeal in this case must be dismissed.

The appellant appealed only from the imposition upon it of one-half of the costs. Under the circumstances, it may be proper for us to re-state the fixed rule, in reference to the payment of costs in cases tried in courts of law. It is, that the costs invariably follow the verdict. *Repp v. Berger*, 60 Md. 1, 14 *Am. Jur.* p. 9, sec. 10, and notes 4 and 5.

In the case the appellant was entirely successful, and could not be required to pay any part of the costs.

*Appeal dismissed, appellant to pay the costs of this appeal.*