LEON DERMER *v.* WESLEY H. FAUNCE, ET UX.

[No. 65, October Term, 1946.]

*Decided February 7, 1947.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *R. Lewis Bainder* for the ap-
pellant.

*Forest Bramble* for the appellees.

COLLINS, J., delivered the opinion of the Court.

The appellant, Leon Dermer, plaintiff, brought an
action of replevin in the Superior Court of Baltimore City
against Wesley H. Faunce and Rebecca Faunce, defend-
ants, appellees, for five radiators, two unit heaters and
one control, one Teco hot water heater and loose piping
and fittings, which were on the defendants' premises
in Baltimore City. The writ was sent to the Sheriff of
Baltimore City ,who went to defendants' premises and
disconnected and removed from the premises the articles
described in the declaration. To the action of the plain-
tiff, appellant, the defendants, appellees, filed in writing
a motion for a writ of *retorno habendo* for the prop-
erty taken under the writ of replevin. *Poe, Pleading and
Practice* (Tiffany Edition), page 422, Section 433. An
answer was filed by the plaintiff, appellant, to the peti-
tion for the writ. Replication to plaintiff's answer to
petition for writ of *retorno habendo,* and pleas to the
declaration were filed by the defendants. A replication
to the pleas of the defendants was filed by the plaintiff.
After hearing on the petition, the court, on July 10, 1946,
ordered the issuance of the write of *retorno habendo*
for the articles replevied, upon defendants giving a bond
in the penalty of $100. From that order of July 10, 1946,
the plaintiff, appellant, appeals to this Court. The ap-
pellees filed here a motion that the order of July 10,

1946, is not a final order and not appealable, and therefore the appeal to this Court should be dismissed.

It is provided by Code, 1939, Article 75, Section 125, in part as follows: "The Court, upon return of any writ of replevin, shall have power, upon motion being made by the defendant for a return of the property taken under the writ, to inquire into the circumstances and manner of the defendant's obtaining possession of such property; and if it shall appear that such possession was forcibly or fraudulently obtained, or that the possession being first in the plaintiff was got or retained by the defendant without proper authority or right derived from the plaintiff, the court may refuse to order a return to the defendant until a judgment is given in the action."

It is said in *Poe on Practice*, Vol. 2, *supra*, at page 422, Section 432, in discussing the motion for the return of the goods, "In passing upon the question, the court does not take into consideration the right of property, but merely the right of possession. The precise point does not appear to have been decided, but it may safely be laid down, that from an order of court passed on such a motion no appeal will lie, for the reason that it is not final in its nature, and does not settle definitely the rights of the parties."

In an action for replevin in this State the plaintiff is not only required to prove his right of possession to the property at the time the writ issues, but also to prove his title to the property. This Court said in the case of *Tuck v. Bowie*, 1 Md. 87, at page 95, "The action of replevin in this State, requires the plaintiff to prove his title to the property, and also his right of possession at the time the writ issues."

Where a motion for a writ of *retorno habendo* is filed, in a hearing on that motion the Court merely determines the right of possession but does not at that time pass upon the right of property or title to the property. *Montgomery, et al. v. Black*, 4 H. & McH. 391, 392.

Therefore the order of July 10, 1946, from which the appeal was taken, was an order determining the right

of possession at the time of the issuance of the writ but was not an order passing upon the right of property or title to the property, and was therefore not a final order in the replevin case. It has been said many times by this Court that until an order is final in its nature and settles the rights of the parties, there is no appeal to this Court. *Smith v. Balto. & Ohio R. Co.*, 168 Md. 89, 91; *Walter v. Montgomery County*, 179 Md. 665, 668; *Elkton Supply Co. v. Stubbiles*, 180 Md. 97, 99.

Therefore the appeal, having been prematurely taken, must be dismissed.

*Appeal dismissed, with costs.*