## GOODMAN ET UX. *v.* CLARK

[No. 7, October Term, 1949.]

*Decided November 9, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Louis J. Jira, William Donald Schaefer* and *Elbridge B. Donaldson* for the appellants.

Submitted on brief by *Jerome A. Loughran* for the appellee.

GRASON, J. delivered the opinion of the Court.

This case is an action in ejectment instituted in the Circuit Court for Howard County, and removed from that court to the Circuit Court for Baltimore County for trial. The lower court filed an order overruling a demurrer to an amended declaration, as particularized, with leave to plead within fifteen days. From this order the defendants (appellants) appealed.

The defendants did not avail themselves of the privilege to file pleas, as the order appealed from permitted them to do; the issues involved in the case have never been tried before the court or a jury; and no judgment was entered on the demurrer. There is, therefore, no "final judgment from which an appeal lies; and the appeal must be dismissed". *Smith v. Baltimore & Ohio R. Co.*, 168 Md. 89, at page 91, 176 A. 642, and cases cited.

In *Walter v. Montgomery County,* 179 Md. 665, at page 667, 22 A. 2d 472, 474, (a *mandamus* case) this court said:

"The question was specifically answered by this Court in *Watts v. President, etc., of Village of Port Deposit,* 46 Md. 500. In that case it was distinctly held that to warrant an appeal there must be a final judgment in favor of the petitioner granting the writ, or a final judgment in favor of the defendant dismissing the petition, and upon the sole ground that there had been no final judgment entered by the Court below, the appeal which was taken from the order of the trial Court overruling a demurrer to the answer was dismissed."

In *Snyder v. Cearfoss,* 186 Md. 360, at page 366, 46 A. A. 2d 607, Judge Henderson quoted what Judge Forsythe said in the case of *Elkton Supply Co. v. Stubbiles,* 180 Md. 97, at page 99, 23 A. 2d 3, 4:

"It has long been the well-settled rule that an appeal cannot be taken from a verdict only, but must be from

a final judgment, duly entered by the court. Until a final judgment has been entered this court has no jurisdiction to hear the case on appeal."

And, finally, in the case of *Dermer v. Faunce,* 187 Md. 610, at page 613, 51 A. 2d 76, 77, Judge Collins said:

"It has been said many times by this Court that until an order is final in its nature and settles the rights of the parties, there is no appeal to this Court."

The appellants' appeal in this case completely disregards the decisions of this court.

*Appeal dismissed, with costs.*