LEMIRA C. PENNELL *vs.* GEORGE H. CUMMINGS and others.

Cumberland. Opinion May 19, 1883.

*Negligence. Physician's certificate of insanity. Commitments to insane asylum. Evidence.*

In an action against physicians for falsely certifying, through malice or negligence, to the insanity of a person, who is thereby committed to the insane asylum, and the pleadings raise the issue as to the sanity of such person at the time when the certificate alleges her to be insane, the burden of proof is on the plaintiff in respect to the averment and claim that she was then sane.

In such an action the falsehood, and not the insufficiency of the certificate, is the ground of action against the certifying physicians. Without statutory provisions to that effect there cannot be a civil action for damages against a physician, based upon the insufficiency of the methods which he pursued in reaching and certifying a correct conclusion.

In such an action it is open to the defendants to prove precisely what were the circumstances under which they acted, what inquiry, investigation and examination they made and what the information was on which they proceeded. If such testimony did not go to the extent of a justification in case their certificate should be found to be false on the question of insanity, it was proper evidence to be considered in awarding damages.

If physicians who have certified to the insanity of a person, have not made the inquiry and examination which the statute requires, or if their evidence and certificate in any respect of form or substance is not sufficient to justify a commitment, the municipal officers should not commit, and if they do it is their fault and not that of the physicians, provided they have stated facts and opinions truly and have acted with due professional skill and care.

ON EXCEPTIONS.

Action of the case against defendants for making the following certificate which the plaintiff alleges was false through the malice or negligence, or both, of the defendants.

"Portland, January 19, 1881.

"This is to certify that we have examined Mrs. Lemira C. Pennell as to her mental condition and pronounce her insane and needing the care and restraints of an insane asylum.

George H. Cummings, M. D.
E. W. Brooks, M. D.

I concur in the above.    H. N. Small, M. D.
T. A. Foster, M. D."

The verdict was for the defendants and the plaintiff alleged exceptions which, with the material facts relating thereto, are sufficiently stated in the opinion.

*John J. Perry*, for the plaintiff, in an able and elaborate argument, contended that it was the duty of the defendants to have based their certificate upon "due inquiry and personal examination" made on the day of the date of their certificate, and that they should have approached such examination and inquiry free from prejudice or preconceived opinions of the mental condition of the plaintiff, giving her the full benefit of the legal presumption of sanity. *Heald* v. *Thing*, 45 Maine, 392.

That the "due inquiry" is to be made at the time of the "personal examination," not prior, and all testimony as to

previous interviews with the plaintiff, or information as to her mental condition, or opinions as to her sanity could not be admissible. 2 Whart. Ev. § 1254, and cases cited. *Townsend* v. *Pepperell*, 99 Mass. 40.

That the certificate should itself show that the physicians performed the duty required of them by the statute, that their opinion was based upon "due inquiry and personal examination." *Sargent* v. *Roberts,* 52 Maine, 590; *Bailey* v. *Carville*, 62 Maine, 524; *Proctor* v. *Lothrop*, 68 Maine, 256; *Gee* v. *Patterson*, 63 Maine, 49; *Look* v. *Dean*, 108 Mass. 116.

Counsel further cited Taylor Med. Jur. pp. 504—506, and contended that the somewhat advanced views of the plaintiff upon hygiene, though entertained by some of the most learned and scientific men of the age, was all that was proved against her; and that the inference was quite clear, that because she thought she could give the defendants good advice upon sanitary matters and about ventilation, sewerage and kindred subjects, they were of the opinion that she must be insane.

*Drummond and Drummond*, for the defendants.

SYMONDS, J. The defendants are practising physicians in Portland. The action is against them for making a certificate of the insanity of the plaintiff, which the declaration alleges to have been false, in one count through malice, in the other through negligence.

The exceptions, reciting the material averments of the declaration so far as they relate to the questions of law reserved, after setting forth the acts of the defendants and the injuries which resulted to the plaintiff therefrom, conclude the allegations with the statement, "that at the time the certificate was made, she was not insane, and that said certificate was false. The defendants plead the general issue." It is in this way that the exceptions state the issue raised by the pleadings and the ground on which the plaintiff relied at the trial, namely, that the certificate was false in respect to the alleged insanity of the plaintiff.

There is no report of testimony, but the exceptions make the following general statement in regard to the character of the evidence introduced : "The plaintiff introduced evidence tending to show that she was sane on said nineteenth day of January, 1881, (the date of the certificate,) and had been sane ever since, and had taken care of herself ever since ;" showing that it was directed on the part of the plaintiff to the support of the issue which had just been stated, to sustain the averment of the sanity of the plaintiff at the time when the certificate was given, on proof of which the plaintiff relied under the pleadings.

Upon the issue so raised, and in view of what the exceptions disclose as to the course of the trial, it was correct to rule that the plaintiff, to recover, must sustain the burden of proof in this respect, must establish the averment and the claim that she was sane when the defendants certified to her insanity. The presumption of sanity was in the plaintiff's favor at the outset, but when evidence had been offered for and against it, the question was no longer to be decided by the presumption alone, but by the weight of evidence, the presumption included, and until in the judgment of the jury this was on the plaintiff's side, the falsehood of the certificate in the respect to which the issue related, and which the exceptions show was the basis of the plaintiff's claim, did not appear.

The act of committing the plaintiff to the insane hospital was not the act of the defendants, but of the municipal officers, a tribunal organized for that purpose and from the decision of which an appeal is provided. This is an action, too, not for false imprisonment, but for making a false certificate of the plaintiff's insanity. Only the defendants' own acts are alleged against them, not a combination with others to accomplish an unlawful purpose. It was for the municipal officers, not for the defendants, to see that the provisions of law were observed in making the commitment. The act of 1876, c. 117, provides that "in all cases of preliminary proceedings for the commitment of any person to the hospital, the evidence and certificate of at least two respectable physicians, based upon due inquiry and

personal examination of the person to whom insanity is imputed, shall be required to establish the fact of insanity and a certified copy of the physicians' certificate shall accompany the person to be committed." This act prescribes a condition, as to the single fact of insanity, without the fulfilment of which there cannot be a legal commitment to the hospital, *Naples* v. *Raymond*, 72 Maine, 217; but it is a condition imposed upon the legal action of the committing board, not one which creates a new standard of liability for the physicians who act under it. If the physicians have not made the inquiry and examination which the statute requires, or if their evidence and certificate in any respect, of form or substance, is not sufficient to justify a commitment, the municipal officers should not commit, and if they do it is their fault, not that of the physicians, provided they have stated facts and opinions truly and have acted with due professional skill and care. A physician may rightfully testify or certify to facts within his knowledge, or to conclusions which he has formed, tending to induce a belief in a person's insanity, which at the same time are manifestly insufficient alone, under the statute, to warrant his confinement as an insane person. The illegality of a commitment upon such evidence or certificate, would not consist in giving or in receiving them, but in the action of the board ordering the commitment upon them, without the other preliminaries which the statute prescribes. The falsehood, not the insufficiency of the certificate, is the ground of action against the certifying physician. That issue was submitted directly to the jury by the instructions which were given.

The English statute, 9 G. 4, c. 41, § 30, provides that "any physician, surgeon or apothecary who shall sign or give any such certificate, without having visited and personally examined the individual to whom it relates, shall be deemed to be guilty of a misdemeanor." *Rex* v. *Jones*, 2 B. & Ad. 611. The offence defined in this section might perhaps be complete, even if there were no intent to deceive and only the truth was certified. But our statutes contain no such provision, and in the absence of a statutory requirement in that respect, we think there cannot be a civil action for damages against a physician, based upon the insuf-

ficiency of the methods which he pursued in reaching and certifying a correct conclusion. The falsehood of the certificate in the respect to which the issue relates must be proved, else the defendants are not liable. That is the cause of action set forth in the declaration.

Each defendant is liable only for his own act, for the correctness of the certificate in the terms in which he gave it. The defendants, Cummings and Brooks, examined the plaintiff, as they certified. The defendants, Foster and Small, concurred in the opinion of the examining physicians. It will be observed that we are not now considering what measure of liability would attach to either of the defendants, if their certificate was erroneous. Instructions upon that point were given to the jury at the trial, to which the plaintiff does not except. Apart from any statutory requirement, the law would undoubtedly hold the defendants in such a case to the usual professional liability for due care and skill, and when the serious consequences that may flow from reliance upon such a certificate by the municipal officers, the imprisonment of a sane person in an insane asylum, perhaps for a long time, the standard of care required, and of professional learning and ability to deal with such a subject, would certainly be an exacting one. But we refer now only to the ruling that the burden of proof was upon the plaintiff to sustain the issue raised by the pleadings, to prove her own sanity at the date of the certificate. If two of the defendants having examined the plaintiff, expressed the opinion that she was insane and the other two concurred in that opinion, and that opinion was according to the fact, it is not a ground of liability against either defendant that he did not do more than he certified, that he did not, besides this, pursue all the methods required by the statute as the basis for legal action on the part of the municipal officers. The truth of the certificate upon the points in issue is a defence to the action.

The exceptions to the admission of evidence against the objection of the plaintiff, relate principally to testimony tending to show what inquiry the defendants had made and what information they had received before they gave the certificate.

The exceptions are to the admissibility of the evidence, not to any ruling as to its effect. If the only question had been the truth or falsity of the certificate, the sanity or insanity of the plaintiff, it would not have been admissible. It had no tendency to aid in determining that issue. But if the jury found the certificate erroneous or false, the further question was then presented whether the facts of the case, the investigation which they pursued and the information on which they relied, were such as to relieve the defendants from legal liability for making a certificate or expressing an opinion which was not according to the fact. The plaintiff claimed that the certificate was not only false, but false through malice or negligence. Its falsehood in a respect (that of alleging the plaintiff's insanity) which gave the municipal officers authority, under the statute, to commit her to the hospital and led to their doing it, and this falsehood resulting from an unlawful motive on the part of the defendants, or from an absence of that professional vigilance and ability which they were bound to exercise in such a case, were the grounds on which their liability was predicated by the plaintiff. To meet that issue, it was open to the defendants to prove precisely what were the circumstances under which they acted, what inquiry they made and what the information was on which they proceeded. If such testimony did not go to the extent of a justification, it was proper to be considered in awarding damages. What facts were within the defendants' knowledge at the date of the certificate, as, for instance, the fact of her previous confinement at the hospital with the circumstances attending her discharge, what information had been communicated to them, and from what sources, evidence upon these points, with proper instructions as to its effect, simply brought to the attention of the jury the circumstances under which the defendants acted, and, if the certificate was erroneous, enabled them to judge whether the defendants were guilty of malice or of professional negligence in making it, and also whether damages should be assessed as for a wilful wrong, gross negligence, or for an unintentional failure to exercise the high degree of care and skill required in doing such an act.

There was no ruling receiving oral evidence of the contents of a letter. The question did not call for that, and when it came in in the answer, there was no motion to strike it out as incompetent.

We think there was no error in the rulings at the trial nor in the verdict of the jury.

*Exceptions and motion overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.