W. EMORY MILLER *v.* MARSHALL B. WEST.

W. EMORY MILLER *v.* CHARLES L. MATTFELDT ET AL.

W. EMORY MILLER *v.* CHARLES L. MATTFELDT.

[Nos. 25-27, April Term, 1933.]

246

*Decided July 18th, 1933.*

The causes were argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*T. Lyde Mason, Jr.,* and *Stephen P. Campbell, Jr.,* for the appellant.

*Emory L. Stinchcomb,* with whom was *Charles J. Stinchcomb* on the brief, for Marshall B. West, appellee.

*James U. Dennis,* with whom was *Frederick C. Smith, Jr.,* on the brief, for Charles L. Mattfeldt, appellee.

Bond, C. J., delivered the opinion of the Court.

In these three suits damages are sought from two physicians on the ground that certificates by them to insanity in the plaintiff were improperly and falsely made and caused him to be wrongfully confined. Demurrers were sustained to the declarations without leave to amend, and the plaintiff has appealed in each case.

Each of the two physicians is sued separately, on two counts; the first count alleging that the particular defendant certified by a written certificate to the Maryland Hospital for the Insane that the plaintiff was mentally deficient with psychosis and that he was otherwise mentally deficient, that

it was the duty of the defendant to make personal examination of the plaintiff before making the certificate, that he did not do so, and that as a result of the certificate so made out, and of another by the other defendant, the plaintiff was wrongfully imprisoned in the hospital, and there is an added allegation that the certificate given was false, illegal, and fraudulent, and was a contributing cause of wrongful imprisonment. The second count is 'in the same words, except that in the failure to make the personal examination the defendant is alleged to have been negligent and careless. The third suit is against both defendants together, and it is alleged in the declaration that they conspired, agreed, and combined to have the defendant wrongfully imprisoned in the hospital, and that they certified by false and fraudulent certificates to the hospital that the plaintiff was deficient as already stated, and that following, and as a result of, the conspiracy of the defendants and issuance by them of the false, illegal, and fraudulent certificates, the plaintiff was imprisoned in the hospital.

A general objection is made to the maintenance of any such action, without reference to the sufficiency of particular allegations, on the ground that it is novel, neither for false arrest, malicious prosecution, libel, nor negligence, but this objection overlooks the comprehensive nature of actions on the case. Such an action lies wherever an injury is caused by failure to perform a duty toward the injured person under the law. See *Chapman v. Pickersgill,* 2 Wilson, 146; *Ashby v. White,* Ld. Raymond, 938, 1 Smith's Leading Cases, 105; *Pasley v. Freeman,* 3 T. R. 63, 1 Smith's Leading Cases, 130, note; *Maenner v. Carroll,* 46 Md. 193, 212. "The categories of negligence," said Lord Macmillan, in *Donoghue v. Stevenson* [1932], A. C. 562, 619, "are never closed"; and so it may be said of torts generally.

The allegations of duty violated are brief and general. It is not explicitly alleged that the certificates were procured and given in compliance with the requirements of the statute, Code, art. 59, secs. 32 and 37. Assuming that they were so given, the question that then arises, whether physi-

cians certifying to the hospital as to the mental condition of the plaintiff would be under a legal duty to the plaintiff, is one on which some doubt has been cast. Substantially the same preliminaries to confinement are required in many jurisdictions, the statutes in all having been apparently modeled on the early English statutes, and the weight of authority in those jurisdictions seems to support the view that the physicians, although they are not employed by the patient, and make no report to him, are under a legal duty to him which will support an action, if the duty is violated, and if as a consequence a person who should not be confined is confined. Stats., 9 Geo. 4, c. 41, and 2 & 3 Wm. 4, c. 107; *Rea v. Jones,* 2 B. & Ad. 611; *Hall v. Semple,* 3 Foster & Finlason, 337; *Everett v. Griffiths* [1921], A. C. 631; *Harnett v. Bond* [1925], A. C. 669; *Harnett v. Fisher* [1927], 1 K. B. 402; *Pennell v. Cummings,* 75 Me. 163; *Williams v. Le Bar,* 141 Pa. 149, 21 A. 525; *Ayers v. Russell,* 50 Hun. 282, 3 N. Y. Supp. 338; *Force v. Probasco,* 43 N. J. Law, 539.

But the action, if it lies, can be resorted to only for redress of injury from the physicians' having contributed to bring about confinement of one who should not have been confined. If the patient was in fact insane, and in need of the confinement, there would be no actionable injury from wrongful procedure in confining him. The declarations here do not allege that the plaintiff was not in need of being confined; and counsel, when asked at the argument whether it was meant to allege that he was not insane, felt unable to say so. The allegations do show that after he was received at the hospital he was detained nine months before discharge, and, in view of the ample facilities afforded by the statutes for revision and correction of first conclusions, the fact seems to indicate that others judged the plaintiff to be in need of the confinement; and it emphasizes the importance of an allegation of lack of that need as an element in the basis of recovery. The brief allegations of falsity in the certification, and wrong in the confinement, bring the declarations close to the line of sufficiency in this respect, but such general state-

ments are somewhat ambiguous. Allegations susceptible of two meanings are, of course, to be construed more strongly against the pleader, for he cannot be supposed to put forward anything less than the full strength of his case, and because orderly judicature requires that a pleader be not permitted to proceed with an inadequate case by concealing the inadequacy. *Maenner v. Carroll,* 46 Md. 193, 215; *Steinwedel v. Hilbert,* 149 Md. 121, 126, 131 A. 44. The allegations of falsity and wrong, in so many words, are in this case not much, if any, more informing than the allegation of fraudulent certification; and this court has treated general allegations of fraud as mere characterizations of facts on which actions have been founded, rather than the facts themselves. *Snyder v. Snyder,* 142 Md. 290, 297, 120 A. 710; *McIntyre v. Smith,* 154 Md. 660, 670, 141 A. 405; *Ragan v. Susquehanna Power Co.,* 157 Md. 521, 526, 146 A. 758. The conclusion of the lower court, and the action on the demurrers, will not be disturbed.

By an oversight, no judgments were entered in the court below, and it is urged that the defect may be cured by entering judgments *nunc pro tunc,* but, as the judgments if entered would be affirmed, there would be nothing gained by correcting the defect, assuming it to be feasible, and the same result will be reached by dismissal of the appeals.

> *Appeals in Nos. 25, 26 and 27 dismissed, with costs.*