Paul J. Widlitz, J.
The defendants move to set aside a jury verdict awarding the plaintiff the sum of $20,000 as compensatory damages. The complaint alleges three causes of action, the first being false imprisonment by reason of an unlawful emergency commitment to Kings Park State Hospital under the presumed authority of section 75 of the Mental Hygiene Law. More particularly, this portion of the Mental Hygiene Law permits an immediate confinement if “he is dangerous by virtue of his mental condition so as to render it necessary for public safety that he be immediately confined * * *. In such case such mentally ill person shall be received * * * upon a certificate, executed by two examining physicians after examination and upon a petition as provided in section seventy-four.” The second cause of action reiterates those allegations contained in the first cause and adds that the certificate submitted to the County Judge, presumably upon authority of section 74 of the Mental Hygiene Law, was falsely, fraudulently and maliciously made by the defendants without ordinary care and prudence and without proper examination into the matter, and that, acting, upon such certificate, the County Judge certified plaintiff to the Kings Park State Hospital. This section provides that a person “ alleged to be mentally ill * * * may be certified to and confined in any licensed private institution for the care and treatment of the mentally ill, upon an order made by a judge of a court of record * * * upon a certificate made by two examining physicians, accompanied by a petition therefor ”.
The third cause of action was dismissed during the trial and is not under consideration.
The trial jury returned a verdict in favor of the defendants on the first cause of action asserting false imprisonment, and found the defendants negligent in the second cause of action, awarding the plaintiff compensatory damages under this second cause of action in the amount of $20,000.
The defendants now seek to set aside this verdict as an inconsistent one and not in conformity with the creditable evidence. They argue that the jury’s finding of no liability for false imprisonment under the first cause of action precluded the finding of negligence. This on the theory that as mental health officers complying with the law, the defendant doctors could not be charged with breaching any duty owing the plaintiff, i.e., negligence, for there existed no doctor-patient relationship. In Ayers v. Russell (50 Hun 282, 288, 289) the court stated as follows: “The defendants, the physicians, were such experts as the statute authorizes to make the certificate of the plaintiff’s *714 insanity. No allegation is made in the complaint of a defect of a proper request or information, upon which they proceeded to examine the plaintiff and make their certificate, and none can be presumed. The physicians followed the forms of the law. Whether the reasons set forth by them in the certificate for their conclusion, that the plaintiff was insane, were sufficient or not, is immaterial. The presumption is that they set forth such reasons as in their opinion were sufficient, and such as appeared to them to be true in fact. But the complaint charges that the physicians made the certificate ‘ without proper and ordinary care and prudence, and without due examination, inquiry and proof into the fact whether plaintiff was sane or insane. ’ We think the physicians owed the plaintiff the duty of making the examination with ordinary care. Their duty must he measured by the trust which the statute reposes in them, and by the consequences Sowing' from its improper performance. They assumed the duty by accepting the trust. They are not judicial officers, but medical experts. They are not clothed with judicial immunity and are chargeable with that negligence which attaches to a professional expert who does not use the care and skill which his profession, per se, implies that he will bring to his professional work.”
Section 70 of the Mental Hygiene Law requires all certificates to contain the facts and circumstances upon which the judgment of the physicians is based and shall show that the condition of the person examined is such as to require care and treatment in an institution for the mentally ill. It was plaintiff’s contention throughout the trial that the certificates rendered in compliance to this section were ill-conceived and based on the hearsay of an allegedly vindictive husband rather than good medical practice and examination, and it is conceivable that a doctor examining for purposes of commitment may comply mechanically with the requirements of the law and without malice and yet fail to utilize the minimal skill required to effectuate this process. These motions are accordingly denied.