ELIZABETH KAY McLEAN v. DR. PAUL SALE

No. 7730SC1037

(Filed 7 November 1978)

**Insane Persons § 1; Physicians, Surgeons and Allied Professions § 11— wrongful certification to mental hospital—sufficiency of evidence**

Plaintiff's complaint was sufficient to state a claim for relief against a medical doctor for wrongful certification of plaintiff for admission to a mental hospital where it alleged that defendant certified that he had examined plain-

tiff pursuant to G.S. 122-58.4 and found her to be mentally ill and imminently dangerous to herself or others when in fact defendant had not made an examination of plaintiff.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 12 September 1977 in Superior Court, SWAIN County. Heard in the Court of Appeals 21 September 1978.

This is an appeal from a summary judgment entered against the plaintiff in an action seeking damages for wrongful commitment to a mental institution.

Plaintiff alleged in her verified complaint the defendant is a duly licensed medical doctor practicing in Swain County; on 3 December 1976, defendant completed and signed a QUALIFIED PHYSICIAN EXAMINATION AND EVALUATION form concerning plaintiff, the form being attached to the complaint as Exhibit "1"; defendant stated in the form that he had examined plaintiff on 3 December 1976 at 11:50 a.m. and recommended plaintiff be admitted to Broughton Hospital; defendant did not examine plaintiff on 3 December 1976, or at any other time, and has never examined plaintiff; plaintiff was committed to said hospital where she remained until discharged 7 December 1976; defendant knew his signing of the exhibit would cause plaintiff to be committed to Broughton Hospital; plaintiff has suffered mental anguish and compensatory and punitive damages by reason of defendant's actions.

Defendant has not filed an answer. Defendant filed motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Upon the hearing of defendant's motion in Haywood County, the court had before it the verified complaint; Exhibit "1," the certificate of the defendant; petition for involuntary commitment dated 3 December 1976 and sworn to by Linda H. Dills; custody order of William G. Burrett, magistrate, dated 3 December 1976 at 11:45 a.m.; officer's return on custody order showing it to be received 3 December 1976 and executed by taking the respondent (plaintiff herein) into custody at 1:05 p.m. on 3 December 1976 and presenting her to qualified physician for examination at 1:10 p.m., same date; notice of hearing dated 7 December 1976; QUALIFIED PHYSICIAN EXAMINATION AND EVALUATION certificate

signed and sworn to on 7 December 1976; CERTIFICATE OF DISCHARGE; dismissal order in proceeding signed 9 December 1976 by district court judge.

Judge Griffin treated the motion to dismiss as a motion for summary judgment under Rule 56, North Carolina Rules of Civil Procedure. He found facts and dismissed plaintiff's action.

*Roberts, Cogburn and Williams, by Max O. Cogburn, Jr., for plaintiff appellant.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff's verified complaint was properly considered as an affidavit. *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972). Facts asserted by the plaintiff must be accepted as true in considering defendant's motion. *Railway Co. v. Werner Industries*, 286 N.C. 89, 209 S.E. 2d 734 (1974). The record must be considered in the light most favorable to the plaintiff in passing upon defendant's motion for summary judgment. *Patterson v. Reid*, 10 N.C. App. 22, 178 S.E. 2d 1 (1970).

Considering the record in this case with these principles in mind, we hold there are material questions of fact for a jury and that plaintiff's complaint states a claim upon which relief can be granted. The judgment must be reversed.

Before summary judgment may be had, the record must affirmatively show that not only would the moving party be entitled to judgment from the evidence before the court, but it must also show there can be no other evidence from which a jury could reach a different conclusion as to a material fact. *Goode v. Tait, Inc.*, 36 N.C. App. 268, 243 S.E. 2d 404 (1978).

The holdings in *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248 (1954); *Mazzucco v. Board of Medical Examiners*, 31 N.C. App. 47, 228 S.E. 2d 529 (1976); and *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860 (1957), have been ably argued by counsel. These authorities are not controlling on the facts of the case before this Court. Plaintiff's suit is not bottomed on what defendant *stated* in his certificate.

In brief, plaintiff alleges: (1) defendant had a statutory duty to examine her before issuing plaintiff's Exhibit "1"; (2) defendant failed to make the required examination and thus violated the duty to plaintiff; (3) plaintiff suffered damages as a result of defendant's breach of duty. The evidence before the court tended to show that plaintiff was not mentally ill or imminently dangerous to herself or others. She was examined by a medical doctor at Broughton Hospital on 7 December 1976 at about two o'clock, three days after she was taken into custody. She was released on the same day from the hospital and the commitment proceedings dismissed 9 December 1976.

N. C. Gen. Stat. 122-58.4 reads in part: "The qualified physician *shall* examine the respondent as soon as possible . . .." (Emphasis added.) The statute imposes a positive duty on the defendant to make the examination before signing the certificate. This statute further reads: "If the *physician* finds that the respondent is mentally ill . . . and is imminently dangerous to himself or others . . . the law-enforcement officer *shall* take the respondent to a community mental health facility . . . pending a district court hearing." (Emphasis added.) It is the finding by the physician in his certificate that directly results in the restraint of respondent (here, plaintiff). No further hearing is held by the clerk of superior court as formerly required by statute. Before the 1974 revision of Chapter 122 of the General Statutes, the clerk was required to have at least an informal hearing after receiving the physician's certificate of examination and evaluation. The respondent was entitled to notice, to be present and offer evidence. If the clerk was then satisified confinement was required, he could issue the order of commitment. N.C. Gen. Stat. 122-46 (repealed 1973 N.C. Sess. Laws).

It is noted in *Samons v. Meymandi,* 9 N.C. App. 490, 177 S.E. 2d 209 (1970), the Court held failure of the certifying physician to verify his certificate under oath was a sufficient violation of N.C.G.S. 122-59 to hold the confinement based upon that certificate deprived plaintiff of her liberty without legal process and sustained plaintiff's claim for false imprisonment. The defendant Sale's actions are within the holding in *Samons.*

It is the purpose of the statute that only mentally ill persons in need of restraint be deprived of their liberty. This can only be assured by the doctor making the required examination before ex-

ecuting the certificate. An intentional or negligent violation of this duty cannot be the subject of immunity. The physician is not communicating when he fails to make the examination. Plaintiff's action is not one of libel.

Plaintiff's complaint is sufficient to place defendant on notice of a claim for damages for negligent or intentional breach of his statutory duty. Pretrial discovery procedures provide defendant with ample means of more precise and detailed investigation of plaintiff's alleged cause.

Litigants are no longer bound to fit their causes within the ancient "forms of action." By adopting the Rules of Civil Procedure, North Carolina has avoided the spectre of the "forms of action [ruling] us from their graves." F. Maitland, The Forms of Action at Common Law 2 (1954).

The following jurisdictions hold liability of a physician can be established with respect to his wrongful certification of a person to an institution for treatment of the mentally ill. *Miller v. West,* 165 Md. 245, 167 A. 696 (1933); *Warner v. Parker,* 139 App. Div. 207, 123 N.Y.S. 725 (1910); *Kleber v. Stevens,* 39 Misc. 2d 712, 241 N.Y.S. 2d 497 (1963); *Williams v. LeBar,* 141 Pa. 149, 21 A. 525 (1891); *Daniels v. Finney,* Tex. Civ. App., 262 S.W. 2d 431 (1953). *See also, Benjamin v. Havens, Inc.,* 60 Wash. 2d 196, 373 P. 2d 109 (1962). For a discussion of physician's liability in wrongful certification for admission to mental institutions, *see* 48 N.C.L. Rev. 412 (1970).

Article I of the North Carolina Constitution (1971), Section 18 of the DECLARATION OF RIGHTS, states: "[E]very person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay."

The summary judgment is reversed.

Reversed and remanded.

Chief Judge BROCK and Judge CLARK concur.